24594, 24595.  VAN PELT *v.* ATLANTA HUB COMPANY INCORPORATED; and *vice versa.*

DECIDED MAY 9, 1935.

258

*Burress & Dillard, D. A. Pirkle Jr.,* for plaintiff.

*Branch & Howard, Bond Almand,* for defendant.

SUTTON, J. ██ Under the allegations of the petition in this case the trial judge did not err in overruling the general demurrer. *Atlanta Hub Co. Inc.* v. *Jones,* 47 *Ga. App.* 778 (171 S. E. 470).

██ The defendant was sued for damages alleged to have been caused by the wilful and wrongful acts of its alleged agent in attempting to collect a delinquent account for it. One of the issues in this case was whether the relation of principal and agent or of employer and independent contractor existed between the defendant and the said collector. According to the uncontradicted testimony of defendant's manager, who made the contract with said person, the agreement was that the latter should handle only delinquent accounts to be taken from the "skip files," that he was to do this solely upon a commission basis, and that the defendant retained no control or supervision over the manner, method and time of the performance by him of his agreement to collect the defendant's accounts. It also appears from the evidence that this person was making collections for other parties than the defendant at that time. The evidence in this case was so nearly identical with that in the case of *Calvert* v. *Atlanta Hub Co. Inc.,* 37 *Ga. App.* 295 (139 S. E. 917), where the judgment of the trial judge awarding a nonsuit was affirmed by this court, as to be controlling authority for the direction of a verdict by the trial judge in this case upon the theory that the evidence showed that the relation of employer and independent contractor existed between the alleged tort feasor and the defendant in this case, and therefore, under the evidence, the trial judge did not err in so directing a verdict. See *Cooper* v. *Dixie Construction Co.,* 45 *Ga. App.* 420 (165 S. E. 152).

(*a*) The fact that after the collector made his collections of delinquent accounts for the defendant under the agreement above referred to, which was not contradicted by the evidence in any manner, he made a report of his collections upon a card furnished to him by the defendant, on the bottom of which there appeared the following: "*Instructions to Collector:* The above total collected represents the amount paid to you by customer for which you issued official store receipts. Under no circumstances are you

to issue any other form of receipt. Also you are not to enter payments in customers' booklets. In order that the receipt be entered in the book, instruct the customer to call at the store and the cashier will make the entry," in the absence of any evidence tending to show that such instructions were actually given by the defendant to the collector in this case, would not authorize a jury to find a different verdict from that directed, the effect of which was that the collector was an independent contractor and the defendant retained no control, direction, or supervision over the time of performance or the manner and method used in collecting such delinquent accounts.

(*b*) The fact that after the incident, when the collector is alleged to have committed the tort complained of, the defendant prosecuted him for collecting and failing to turn over to it certain moneys, and in instituting such prosecution its manager signed an affidavit in which he made oath that such collector was, on the occasion when he collected the moneys for the embezzlement of which he was being prosecuted, which was some two months after the attempted collection by him involved in this case, when he was alleged to have committed the tort sued for, an agent of the defendant company for the purpose of collecting its accounts, would not tend to contradict the positive and direct testimony of the manager of the defendant that such tort-feasor was not, at the time he is alleged to have committed the tort resulting in the injuries to plaintiff for which she brought this suit, an agent, employee or servant of the defendant, but was exercising an independent business in collecting this account solely upon a commission basis, and the defendant had no control, direction or supervision over the manner and method of the performance thereof, or of the time when such person was to collect the same.

■ There being no evidence in this case upon which a jury could legally base a finding that the alleged tort-feasor in this case was an agent or servant of the defendant at the time he is alleged to have committed the tort in collecting such account in this case for the defendant, the trial judge properly directed a verdict for the defendant. There was no error in excluding any of the evidence excepted to. With such excluded evidence before the jury, a verdict for the plaintiff would not have been authorized. This being so, the trial judge did not err in overruling the plaintiff's motion for a new trial.

*Judgments affirmed on the direct and cross-bills of exceptions. Jenkins, P. J., and Stephens, J., concur.*