25205. FIDELITY AND CASUALTY COMPANY OF NEW YORK *et al.* *v.* CLEMENTS.

JENKINS, P. J. 1. In claims for compensation under the workmen's compensation act, where the question is whether the injured person, or the person under whom he was working, occupied the relation of an employee or of an independent contractor toward the alleged employer, the line of demarkation is often so close that each case must be determined on its own particular facts. The crucial test to be applied, however, in determining whether the relationship of the parties under a contract for performance of labor is that of master and servant, or that of employer and independent contractor, lies in whether the contract gives, or the employer assumes, the right to control the time, manner, and method of executing the work, as distinguished from the right merely to require certain definite results in conformity to the contract. *Liberty Lumber Co.* v. *Silas,* 49 *Ga. App.* 262 (2) (175 S. E. 265), and cit.; *Cooper* v. *Dixie Construction Co.,* 45 *Ga. App.* 420 (165 S. E. 152), and cit.; Code, §§ 105-501, 105-502 (5).

2. Although the testimony of the claimant as to the relation of the alleged master to the work and to the claimant's immediate employers was contradicted by their testimony, the finding of the director of the Department of Industrial Relations and the full board on appeal that the relationship was one of master and servant, and not of employer and independent contractor, was authorized. The claimant testified that the officer and agent representing the alleged master was the supervisor of the work on which the claimant and his immediate employers were engaged, came out to the work once or twice a day while it was in progress, and gave directions as to how the work was to be done; and that this representative of the alleged master also was on every job, the claimant himself having worked on fifteen. Although there was evidence which would have authorized a finding that the relation was one of independent contractor, there was additional testimony to support

that of the claimant. It was shown that the alleged master made the roofing contracts with the customers, including both the material which it furnished and the labor ·which was done by the roofers, for a total agreed price; that settlements were made directly with it; and that it would give to the customers a written warranty for one year.

3. To the order of the superior court affirming the award in favor of the claimant there was no exception on any ground except such as are controlled by the preceding rulings; but the employer and insurance carrier now also contend that the award of $5.40 a week for the total loss of use of a hand for a period not to exceed 150 weeks, after expiration of the 10 weeks allowed under the statute for temporary total disability, beginning October 29, 1934, was contrary to law as unsupported by evidence, because the 10-weeks period for temporary disability had not expired at the time of the hearing and taking of evidence, that there was nothing to show any total loss of use after the end of the temporary period, and that great changes could have taken place in the intervening time. The department, however, found that "there is no dispute as to the extent or nature of the disability suffered by the claimant." The testimony of the attending physician was uncontroverted as to the nature of the severe burns over the whole hand and the total disability, which existed from the date of the injury, and which he estimated would continue four months. The claimant was present at the hearing and was seen by the director. Therefore there was no error in awarding compensation "not to exceed 150 weeks or until there has been a change in his physical condition, such as would authorize a modification of this award under the provisions of section 45 of the workmen's compensation act." Such an award was proper, since under that section and section 32, in the event of a change in condition, ending or reducing the extent of the loss of use of the hand, as contended by the plaintiffs in error, upon an application and such a showing to the department, it would have been or would be authorized to "make. an award ending [or] diminishing the compensation previously awarded."

*Judgment affirmed. Stephens and Sutton, JJ., concur.*

DECIDED JULY 6, 1936.

*Harris, Harris, Russell & Weaver,* for plaintiffs in error.
*George A. Pindar, John R. L. Smith,* contra.