42886.  AMERICAN FIRE & CASUALTY COMPANY et al.
v. DAVIDSON.

ARGUED JUNE 8, 1967—DECIDED SEPTEMBER 5, 1967.

*Smith, Cohen, Ringel, Kohler, Martin & Lowe, Williston C. White,* for appellants.

*Frank F. Faulk, Jr.,* for appellee.

QUILLIAN, Judge. ■ The main issue in the claim was whether the claimant was an employee or an independent contractor. The employer contends that, under the evidence adduced upon the hearing, the claimant was an independent contractor who had contracted to erect the framing of a house which the employer, a general contractor, was constructing. The claimant insists that he was not an independent contractor, and was therefore entitled to benefits under the Act, because the employer had the right to and did in fact exercise control over the time, manner and method of the work which he was performing.

Paragraph 3 of the findings of fact of the board states in part: "The majority of the board finds that the framing of a house is only a part of the general construction of the project and is no independent contract for a specific thing with a definite beginning and ending. All parts of the construction of a house are in co-operation and in co-ordination one with another." This was tantamount to a holding that as a matter of law a person who contracts to erect the framing for a house is not an independent contractor. This was an erroneous theory because the question of whether the claimant is an employee is generally a question of fact to be determined from the particular circumstances of the claim which is pending before the board. This is especially true when the issue is whether the claimant is an employee or an independent contractor. "In claims for compensation under the Workmen's Compensation Act, where the question is whether the injured person, or the person under whom he was working, occupied the relation of an employee or of an independent contractor toward the alleged employer, the line of demarkation is often so close that each case must be determined on its own particular facts. The crucial test to be applied, however, in determining whether the relationship of the parties under a contract for performance of labor is that of master and servant, or that of employer and independent contractor, lies in whether the contract gives, or the employer assumes, the right to control the time, manner, and method of executing the work, as distinguished from the right merely to require certain definite results in conformity to the contract. *Liberty Lumber Co. v. Silas,* 49 Ga. App. 262 (2) (175 SE 265), and cit.; *Cooper v. Dixie*

*Construction 'Co.,* 45 Ga. App. 420 (165 SE 152), and cit.; *Code* §§ 105-501, 105-502 (5)." *Fidelity & Cas. Co. v. Clements,* 53 Ga. App. 622 (1) (186 SE 764).

Where, as in the case sub judice, it affirmatively appears that the award of the State Board of Workmen's Compensation is based upon an erroneous legal theory, the case shall be remanded to the board for further findings. Accordingly, this case is remanded to the board with direction that it make a finding of fact under the evidence as to whether the claimant occupied the status of an employee or that of an independent contractor.

In the event the board determines that the claimant was an employee, a further finding of fact will be necessary. The award states the claimant had an average weekly wage of $102.93. However, the record reveals that this figure was determined by averaging his wages earned the eleven weeks immediately preceding the injury, rather than thirteen weeks as required by *Code Ann.* § 114-402 (Ga. L. 1945, p. 486).

*Judgment reversed with direction. Jordan, P. J., and Deen, J., concur.*