43561. HAWES v. CENTRAL OF GEORGIA RAILWAY COMPANY.

BELL, Presiding Judge. Hawes brought this suit against Central of Georgia Railway Company to recover for the destruction of plaintiff's building. Both counts of the complaint showed that plaintiff owned a building located on land adjacent to railroad tracks. Plaintiff occupied the land as defendant's tenant under a lease providing, "The tenant further agrees: . . . To indemnify and hold the landlord harmless against all loss, damage, liability or expense arising from injury or damage to the leased premises or from injury or damages occurring to any person or property thereon, whether or not said injury or damage is attributable, in whole or in part, to the negligence of the landlord or his agents or servants, or to the operation of his trains, engines or cars." On December 13, 1966, a train operated by defendant left the tracks and struck and destroyed the building. Count I of the complaint was based on wilful and wanton negligence. Count II was based

772

on trespass. Plaintiff took this appeal from the trial court's judgment sustaining defendant's motion to dismiss the complaint for failure to state a claim. *Held:*

Except in cases prohibited by statute and cases where a public duty is owed, the general rule is that a party may exempt himself by contract from liability to the other party for injuries caused by negligence; and the agreement is not void for contravening public policy. *Code* § 102-106; *Hearn v. Central of Ga. R. Co.,* 22 Ga. App. 1, 3-7 (95 SE 368) ; *King v. Smith,* 47 Ga. App. 360, 364 (170 SE 546). The latter case is authority for the further proposition that an exculpatory provision like the one in this case does not relieve one from liability for wilful or wanton conduct. *Brady v. Glosson,* 87 Ga. App. 476, 478 (74 SE2d 253). On trial of this case plaintiff will be entitled to recover only if the evidence shows that defendant's conduct was "such as to evidence a wilful intention to inflict the injury, or else was so reckless or so charged with indifference to the consequences . . . as to justify the jury in finding a wantonness equivalent in spirit to actual intent." *King v. Smith,* 47 Ga. App. 360, 366, supra. But the question here is whether the complaint was sufficient against defendant's motion to dismiss to state a claim under the Civil Practice Act (Ga. L. 1966, pp. 609, 619, as amended; *Code Ann.* § 81A-108 (a)). The plaintiff's general allegations charging the defendant with wilful and wanton conduct resulting in injury to plaintiff are sufficient to carry the case to a jury on both counts of the complaint. *Code Ann.* § 81A-109 (b).

The decision in *Travelers Indemnity Co. v. Hood,* 110 Ga. App. 855 (140 SE2d 68), involving a contract of liability insurance, is not inconsistent with the holding in this case.

*Judgment reversed. Hall and Quillian, JJ., concur.*

SUBMITTED APRIL 2, 1968—DECIDED APRIL 17, 1968— REHEARING DENIED MAY 13, 1968.

*Thomas M. Odom, Percy J. Blount,* for appellant.
*Spivey & Carlton, Milton A. Carlton,* for appellee.