### 43872. SAVANNAH ELECTRIC & POWER COMPANY v. EDENFIELD.

ARGUED SEPTEMBER 5, 1968—DECIDED SEPTEMBER 25, 1968—REHEARING DENIED OCTOBER 18, 1968—

532

*Doremus & Karsman, Ogden Doremus,* for appellant.
*Sullivan & Herndon, Richard H. Herndon,* for appellee.

QUILLIAN, Judge. At the time of his injury the claimant was in the employment of Stone & Webster Engineering Corporation who had contracted with the defendant, Savannah Electric & Power Company, to perform certain engineering services. The question for determination is whether Stone & Webster Engineering Corporation for whom the plaintiff was working occupied the relation with the defendant of independent contractor. This issue is controlling because if Stone & Webster Engineering Corporation were not an independent contractor, then the plaintiff was an employee of the defendant under the Workmen's Compensation Act and subject to its provisions. *Code* § 114-103 provides in part that when the employee is subject to the Workmen's Compensation Act, compensation to the employee "on account of personal injury or death by accident, shall exclude all other rights and remedies of such employee . . . at common law or otherwise."

The test to be applied in determining whether the relationship of the parties under the contract for performance is that of master and servant or that of employer and independent contractor lies in whether the contract gives, or the employer assumes, the

right to control the time, manner and method of executing the work, as distinguished from the right merely to require certain definite results in conformity with the contract. *Liberty Lumber Co. v. Silas,* 49 Ga. App. 262 (175 SE 265); *Cooper v. Dixie Constr. Co.,* 45 Ga. App. 420 (165 SE 152); *Code* §§ 105-501, 105-502 (5); *Fidelity & Cas. Co. of N. Y. v. Clements,* 53 Ga. App. 622 (1) (186 SE 764).

In support of the motion for summary judgment the defendant attached as an exhibit the contract between it and Stone & Webster Engineering Corporation for the engineering services. The contract provides in part: "We submit the following proposal for the services of our organization (I) as consulting engineers, and (II) as engineers and constructors, as hereinafter set forth, it being understood that in providing and performing such services we will function in cooperation with and subject always to the direction and control of your directors and/or your authorized officers and agents."

"When directed by you, we propose to act as your engineering, purchasing and construction departments, working at all times in close cooperation with members of your organization, assuming as much responsibility as you may delegate to us in the direction of the work undertaken for you, and being guided in all respects by such instructions as you may from time to time give us."

"To the extent you may desire, you will have full control of the work in all its phases, and of the selection and purchase of materials, machinery and equipment, the letting of such contracts as may be desirable, the wages, hours and conditions of labor, the progress and sequence of the work, and all other questions. You may order additional work, cancel work previously authorized or make any other change in either scope or character."

Under the terms of this contract the Savannah Electric & Power Company clearly had the right to control the time, manner and method of the work which was to be performed by Stone & Webster Engineering Corporation.

The plaintiff in opposition to the motion filed an affidavit in which he stated that the Savannah Electric & Power Company did not exercise any control over his job. In *Davis v. Starrett Bros. Inc.,* 39 Ga. App. 422, 427 (147 SE 530), a case factually

similar to the present one, this court held that the question was not whether the builder exercised any control over the work but rather whether it retained the right to exercise direction and control of the work.

As in *Davis v. Starrett Bros., Inc.,* supra, construing the contract between the parties, the Stone & Webster Engineering Corporation was not an independent contractor, and the court erred in denying the motion for summary judgment.

*Judgment reversed. Bell, P. J., and Hall, J., concur.*