## 44177. CENTRAL OF GEORGIA RAILWAY COMPANY v. HAWES.

BELL, Presiding Judge. Plaintiff owned a building located on land which he occupied as defendant's tenant under a lease exempting defendant from liability for injuries caused by negligence. On December 13, 1966, a train operated by defendant left the tracks and struck and destroyed the building. Plaintiff brought this suit to recover for the damages. On the former appearance of this case we reversed the trial court's judgment sustaining defendant's motion to dismiss the complaint for failure to state a claim. See *Hawes v. Central of Ga. R. Co.*, 117 Ga. App. 771 (162 SE2d 14). We also pointed out that plaintiff would be entitled to recover only if the evidence showed that defendant's conduct was "such as to evidence a wilful intention to inflict the injury, or else was so reckless or so charged with indifference to the consequences . . . as to justify the jury in finding a wantonness equivalent in spirit to actual intent." *King v. Smith*, 47 Ga. App. 360, 366 (170 SE 546). Defendant thereafter moved for summary judgment. The present appeal is from the denial of that motion.

Evidence offered in support of the motion for summary judgment tended to show that neither the engineer nor the conductor riding on the train was guilty of negligence in running it. Opposing evidence tended to show that defendant's tracks were in a bad state of disrepair but failed to connect the derailment with any defect in the tracks. Defendant contends that it was error to deny summary judgment because there was no evidence of wilful or wanton conduct resulting in plaintiff's damages.

The fallacy of this argument is that it is contra to the rule that the burden of showing the absence of a genuine issue of any material fact rests on the party moving for summary judgment; no duty devolves upon the opposing party to produce rebuttal evidence unless the movant first makes a prima facie showing of right to a summary judgment. *Shadix v. Dowdney*, 117 Ga. App. 720 (162 SE2d 245). By now it has become elementary in our summary judgment law that in order to pierce allegations of material fact contained in the plaintiff's petition, the evidence offered by defendant on motion for summary judgment must unequivocally refute

those allegations and must clearly show what is the truth of the matter alleged. It is not sufficient if the evidence merely preponderates toward defendant's theory rather than plaintiff's or if it does no more than disclose circumstances under which satisfactory proof of plaintiff's case on trial will be highly unlikely. *Watkins v. Nationwide &c. Ins. Co.*, 113 Ga. App. 801, 802 (149 SE2d 749).

The inconclusive evidence supporting the motion failed to show the exact cause of the derailment and failed to exclude all reasonable probability that defendant was guilty of the requisite degree of culpability in connection with the incident. The trial court did not err in denying summary judgment. .

*Judgment affirmed. Eberhardt and Deen, JJ., concur.*

ARGUED JANUARY 9, 1969—DECIDED JUNE 11, 1969—
REHEARING DENIED JUNE 30, 1969.

*Spivey & Carlton, Milton A. Carlton,* for appellant.

*Odom & Dendy, Florence Hewlett Dendy, Percy J. Blount,* for appellee.