### 44337. BLAIR et al. v. RAYBURN.

WHITMAN, Judge. This case is here on appeal from the denial of a motion for summary judgment, certified for review.

The complaint filed by the plaintiff below, Rayburn, seeks damages for medical expenses and loss of services incurred in connection with injuries received by his minor daughter, Margaret Rayburn, when an automobile in which his daughter was riding as a guest passenger collided with a utility pole and a tree.

The complaint essentially alleges that the car was being driven by defendant Elizabeth Blair; that the car was owned by defendant Rufus Blair as a family-purpose car and was being so used at the time by Blair's daughter; that a car proceeding ahead of Elizabeth turned left at an intersection and Elizabeth proceeded on through the intersection; that Elizabeth's attention was attracted to the car which had turned left (one of the occupants waived at her) and in an effort to catch up with said car, Elizabeth proceeded on to the next intersection, turned left, proceeded, turned left again, and proceeded again bringing her back to the street on which the

car she was trying to catch had been proceeding, i.e., Sweetwater Street; that she "whipped" the car to the right and onto Sweetwater Street, disobeying a "stop" sign, and accelerated at a high rate of speed proceeding south; that at a distance of approximately a block and a half from where she had entered Sweetwater Street and because of the "high and excessive rate of speed and inattentiveness to the road," she lost control of the car, running off the pavement to the right, crossed a four-foot shoulder, "smashed head-on into a utility pole," and careened approximately another 50 feet into a tree.

The complaint alleges that the defendants were grossly negligent in several particulars, i.e., in driving at a high and excessive rate of speed through a residential area; in failing to have and maintain control of the car; in failing to stop before striking a fixed object; in driving in excess of 50 miles per hour in a 35-mile per hour zone; and in failing to keep a proper lookout on the roadway.

The material allegations of the complaint were denied ·and "accident" was set up as an affirmative defense. The defendants moved for a summary judgment. The motion was denied and this is enumerated as error. *Held:*

1. "One riding by invitation and gratuitously in another's automobile can not recover for injury caused by the other's negligence in driving, unless it amounted to gross negligence. *Epps v. Parrish,* 26 Ga. App. 399 (106 SE 297) ; *Harris v. Reid,* 30 Ga. App. 187 (117 SE 256) ; *Peavy v. Peavy,* 30 Ga. App 202 (136 SE 96) ; *Lee v. Lott,* 50 Ga. App. 39, 42 (177 SE 92)." *Capers v. Martin,* 54 Ga. App. 555 (1) (188 SE 465).

2. The defendants' motion for summary judgment is based upon the pleadings in the case, the deposition of defendant Elizabeth Blair and the deposition of plaintiff's daughter, Margaret Rayburn. It is contended that no negligence appears, only accident.

No undisputed facts bearing on the issue of liability appear from the complaint and the answer thereto. The depositions of the two girls disclose that Elizabeth was driving her father's car and Margaret was riding as a guest passenger; that they were on their way to a store to buy some "hair rinse" and were riding around in the process; that they had just passed through a street intersection when they thought they recognized a friend in another car; that the other car had

turned at the intersection onto Sweetwater Street and Elizabeth circled the block in order to catch up with the friend. Margaret stated that when Elizabeth turned onto Sweetwater Street she had gone about two blocks when the crash occurred; that she was going between ten and fifteen miles per hour faster than the speed limit; that she was going between fifty-five and sixty; and that she does not know what caused the wreck.

Elizabeth's testimony was that they decided they wanted to go back and see their friend; that she circled the block and got onto Sweetwater Street; that she had gone a few blocks when the wreck happened; that "we went off the road . . . on the right side"; and that "I remember a drop . . . then I remember hearing a big—well feeling a big bump like, and then I can't remember any more." Elizabeth testified that. she was not going over fifty miles per hour. She stated that the car went through a utility pole and then hit a tree in somebody's yard.

3. The question for decision is whether the above evidence requires a summary judgment for the defendant. In our view it does not. The evidence does not, for example, refute or pierce the plaintiff's allegation of gross negligence in driving in excess of 50 miles per hour in a 35-mile per hour speed zone. We have not been shown what the speed limit was. The appellants themselves take the position that: "There is no competent evidence anywhere in the record showing that the speed limit on the road was not the statutory sixty miles per hour." They further take the position that the failing in this regard is chargeable to plaintiff; that plaintiff has not introduced evidence in support of his allegations. We know of no presumptions one may invoke regarding speed limits. The burden in a motion for summary judgment is on the *movant;* "no duty devolves upon the opposing party to produce rebuttal evidence unless the movant first makes a prima facie showing of right to a summary judgment." *Shadix v. Dowdney,* 117 Ga. App. 720 (162 SE2d 245).

Furthermore, there is a genuine issue as to speed. The defendant driver testified that she was not going over fifty, but the plaintiff's daughter testified to the contrary.

We are mindful that this is a gross negligence case and that driving in excess of a speed limit is not gross negligence as a matter of law. But a jury might find gross negligence when

all the circumstances of the case are considered. "Questions of negligence and diligence, even of gross negligence and slight diligence, are as a rule to be determined by a jury and should not be settled by the court as a matter of law except in plain and indisputable cases." *Rowe v. Camp*, 45 Ga. App. 794 (1) (165 SE 894). In short, issues of a defendant's negligence are issues not ordinarily susceptible of adjudication on summary judgment except in plain and indisputable cases. Cf. *Brown v. Iocovozzi*, 117 Ga. App. 693 (1) (161 SE2d 385).

The pleadings have not been pierced; there are still issues of material fact. The defendants have not shown a plain and indisputable case of no gross negligence.

4. The defendants' motion for summary judgment was also based upon their affirmative defense of accident. The contention of accident implies the absence of any negligence, in which case there can be no liability. *Richter v. Atlantic Co.*, 65 Ga. App. 605, 608 (16 SE2d 259); *Morrow v. Southeastern Stages, Inc.*, 68 Ga. App. 142, 146 (22 SE2d 336); *Code Ann.* § 102-103. The defendant driver testified that she did not know what happened. The plaintiff's daughter testified to the same effect. Such evidence does not require a holding as a matter of law that the defense has been sustained. There was no error in denying the motion for summary judgment on defense of accident.

*Judgment affirmed. Jordan, P. J., and Hall, J., concur.*

ARGUED MARCH 5, 1969—DECIDED JULY 9, 1969.

*Smith, Cohen, Ringel, Kohler, Martin & Lowe, Sam F. Lowe, Jr., Homer A. Houchins, Jr.,* for appellants.

*Noland & Coney, John L. Coney,* for appellee.