44529. MATTHEWS v. NORTH COBB TIRE COMPANY et al.

44530. PEARSON v. NORTH COBB TIRE COMPANY et al.

ARGUED JUNE 2, 1969—DECIDED SEPTEMBER 4, 1969.

*Reuben M. Word, Aubrey G. Duffy,* for appellants.

*Howe & Murphy, Donald B. Howe, Jr., Long, Weinberg & Ansley, Palmer H. Ansley, Charles M. Goetz, Jr.,* for appellees.

QUILLIAN, Judge. As has been pointed out in many previous decisions of this court, the burden of showing the absence of a genuine issue of any material fact rests on the party moving for summary judgment. In fact, no duty devolves upon the opposing party to produce rebuttal evidence until a prima facie showing for a summary judgment is made by the movant. In order to pierce the allegations of a complaint, the evidence offered by the movant must unequivocally refute the allegations and clearly show the truth of the matter alleged. "It is not sufficient if the evidence merely preponderates toward defendant's theory rather than plaintiff's or if it does no more than disclose circumstances under which satisfactory proof of plaintiff's case on trial will be highly unlikely." *Watkins v. Nationwide &c. Ins. Co.,* 113 Ga. App. 801, 803 (149 SE2d 749).

Here there is a complete absence of proof relative to the issue of whether the tires were negligently mounted. Thus, in this respect the movant failed to pierce the allegations of the complaint. However, the defendant North Cobb contends the evidence fails to establish that any act on its part was the proximate cause of the injury. The proof offered is somewhat uncertain and inconclusive as to this issue. Nevertheless, unlike the situation on trial, the burden was on the movant to establish as a matter of law that its acts were not the proximate or contributing cause of the injury. The proof offered having failed to pierce all the material allegations of the plaintiff's complaint, the trial judge erred in granting the defendant's motion for summary judgment.

*Judgments reversed in Cases 44529 and 44530. Felton, C. J., and Pannell, J., concur.*