44750.  MASSEY, by Next Friend v. HILTON HEIGHTS PARK, INC. et al.

WHITMAN, Judge. This case is an appeal from the grant of a summary judgment. The plaintiff-appellant's complaint in this case alleged that she was with her mother when the latter went into a house for the purpose of inspecting it with a view toward purchasing it. She further alleged that: "While plaintiff was in said house with her mother she struck a plate glass stationary panel, which glass broke, causing

plaintiff to suffer severe lacerations of the right forearm, right flank and right knee. The joint and combined negligence of the defendants was the cause of the plaintiff's injuries."

From the evidence presented on the summary judgment motion, it appears that Mrs. Massey (plaintiff's mother) and four or five close relatives stopped to look at a house which was for sale. There was a sign outside advertising "open house." The plaintiff, who was five years and a few days old, went inside with her mother and relatives. They entered the house through the carport-kitchen entrance and there met defendant William E. Gunnels, a real estate salesman employed by defendant Holly Realty Co. Gunnels was there for the purpose of showing the house to interested buyers, and he did so with Mrs. Massey. There was an exit from the den or family room of the house onto an open area porch in the back yard. The exit consisted of a unit of about normal door height, built into the wall. The unit consisted of a large metal frame which enclosed two panels of glass. Each panel of glass was in turn enclosed in its own metal frame within the larger frame. One glass panel was stationary. The other was movable and could be used as a door by sliding it past the stationary panel. It is not disputed that the plaintiff struck the stationary panel and it broke, causing her injuries.

In support of the motion for summary judgment defendant Gunnels offered two affidavits. They state: "[T]he sliding glass door which is the subject of this action and which is located in the house at 1203 Boxwood Boulevard, Columbus, Georgia, is of a standard design and construction and is used widely in the construction industry with the construction of residential buildings. As the photographic evidence will show, the door is constructed of a solid piece of glass surrounded by aluminum frame with a handle located on the frame. Further, on the date of the accident draperies were covering the door in question, but said draperies were pulled back by one of the persons accompanying the plaintiff. Nevertheless, with the draperies drawn back the portal gives every indication of being closed in from the outside as is indicated by the aluminum frame surrounding the glass, the hardware and other fixtures on the frame, and the hanging draperies. On the date of the said accident there was no defect in the design or construction of the door and said door was of the kind typically used in the construction of residential buildings.

216

"The three (3) photographs, identified as Defendants' Exhibit 'C', 'D' and 'E', correctly show the sliding glass door and stationary glass panel at the house . . . wherein the accident in question took place. Deponent says that he was present in the house at the time the accident occurred, and that he is aware of and knows the description and physical surroundings of the place where the accident occurred. Deponent says that the photographs attached hereto correctly show the conditions at the scene of the accident immediately before the accident occurred. Deponent says that the stationary glass panel shown in Photograph 'C' and closest to the fireplace is the panel that was broken in the accident and that said panel was replaced as is shown by the photograph. However, there has been no material change and nothing added or subtracted from the conditions as they existed immediately prior to the accident in question.

"Deponent further states that he was present . . . on the date of the accident in question, prior to the time of and after the plaintiff and those persons accompanying the plaintiff entered the said house. Deponent says that the draperies shown in the attached photographs at the door and panel in question are the same draperies that were present at the day of the accident and are affixed to the wall in the same manner as they were on the date of the accident. Deponent says that immediately prior to the entry of the plaintiff and those persons accompanying her into the said house, the draperies shown in the photographs were extended out so as to cover the entire door and panel, but someone in the plaintiff's party pulled the draperies open as they are shown in the attached photographs. Deponent further states that the draperies as shown in the photographs are pulled back toward the fireplace as far as they will go and when pulled back toward the fireplace as far as they will go cover at least one-half (½) of the fixed glass panel. Deponent says that he did not at any time prior to the accident see the plaintiff or anyone else walking toward the sliding door and fixed glass panel where the accident occurred, nor did he realize prior to the accident that anyone was unaware of the presence of the sliding glass door and the fixed glass panel."

In the affidavit of plaintiff's mother, offered in opposition to the motion, she swears that there were no drapes covering the glass panel which plaintiff struck and, further, that neither

the plaintiff nor any person accompanying her touched or pulled back any drapes. She also swears:

"That the back yard of said house is only about four (4) inches lower than the floor of the den of the house and gives the appearance of being level with said floor when looking through said glass panel.

"That neither the deponent, the plaintiff, nor any member of her party had ever been inside the house before and that said minor plaintiff was completely unfamiliar with the location of the glass panel and its transparent nature, and with the house and yard in general, which fact was known to the defendant, William E. Gunnels.

"That at all times while plaintiff was in the house and prior to her striking said glass panel, said glass panel was completely clear and transparent and gave an illusion of space when looking into the back yard from inside the house; there were no strips, marks, stickers or any substance whatsoever on said glass panel to indicate that it existed; that the defendant, William E. Gunnels, did not orally warn deponent, plaintiff, or any member of deponent's party of the existence of the glass panel; there were no knobs, latches, catches, hooks or any other hardware on said panel, other than the aluminum stripping surrounding the glass . . .

"That the defendant, William E. Gunnels, was standing with his back about one (1) foot from said glass door and was facing the center of the den and plaintiff left the center of the room heading toward the back yard, that is, this defendant was facing the plaintiff as she approached the glass panel which she struck, and no object or person was between this defendant and the plaintiff as she approached said glass panel . . ."

The defendants' motion for summary judgment was granted and plaintiff has appealed, enumerating the same as error. *Held:*

1. The defendants concede for the sake of argument that under the circumstances of this case the plaintiff, being of such tender years, could not be charged with failure to exercise due care for her own safety or with contributory negligence, and also agree that negligence of her mother, if any, could not be imputed to her. They strenuously argue, and we agree, that merely sustaining injuries without fault does not authorize a recovery. It is negligence of the defendant and not the fact of injury which authorizes recovery. *Brand v. Pope*, 103

218

Ga. App. 489, 491 (119 SE2d 723); *Fair v. Huddle,* 98 Ga. App. 466, 469 (106 SE2d 72). But we do not agree with the defendants' contention that the fact that the injury was connected with a glass-door unit of a type which is widely used in most modern residential buildings is determinative of the case and requires a finding that there can be no negligence attributable to defendants as a matter of law. We can not say that glass doors or glass panels in general are not perils requiring no precautions or warnings.

The plaintiff was an invitee. *Cooper v. Anderson,* 96 Ga. App. 800 (2) (101 SE2d 770). The ultimate question is whether there was any breach of the duty owed to one of plaintiff's status, i. e., as a minor invitee. Generally, with regard to invitees, one must exercise ordinary care in keeping the premises and approaches safe. *Code* § 105-401. With regard to minor invitees the degree of care owed is proportioned to their ability to foresee and avoid perils which may be encountered. The degree of care owed a minor in a particular set of circumstances may be greater than that which would be owed an adult. See *Augusta Amusements, Inc. v. Powell,* 93 Ga. App. 752, 754 (92 SE2d 720); *Flint River Cotton Mills v. Colley,* 71 Ga. App. 288, 291 (30 SE2d 426).

In the case of *Brand v. Pope,* 103 Ga. App. 489, supra, upon which defendants heavily rely, a general demurrer to a petition involving a similar occurrence was sustained. But there the plaintiff was an adult and had been visiting "all afternoon" in the living room where the glass door was located. We do not regard the case as controlling.

The foreign authorities involving minors and glass doors are in hopeless conflict. See Annot. 68 ALR2d 1204 and the Later Case Service and Supplement thereto. In Crawford v. Given Bros. (Tex. Civ. App.), 318 S. W. 2d 123, it was held that where a 7-year-old child ran past his mother and into a glass panel at the department store exit, there was no duty to warn of the panel's existence and a judgment n.o.v. for defendant was affirmed. In Waugh v. Duke Corp. (DC NC) 248 FSupp 626, despite a finding that the motel's glass panels were like those existing in comparable motels, the court found the defendant negligent in failing to warn the 6-year-old plaintiff guest of the "hidden danger" of the glass panel; in failing to place markings on it to indicate its presence; or in not constructing guards around the panels. Canner v.

Blank (Fla. App.), 152 S. 2d 193, was an action by a 13-year-old girl for injuries sustained when she walked through a closed sliding glass door in defendant's model house while she and her parents were inspecting it. The plaintiff had passed through the door while it was open but it was closed by someone and she collided with it when she noticed some people on the patio and ran toward them. The court, citing the similar case of McCain v. Bankers Life & Cas. Co. (Fla. App.), 110 S. 2d 718 (68 ALR2d 1194), reversed a summary judgment for the defendant and held that a jury question was presented as to the negligence, if any, of the defendant. In Sullivan v. Birmingham Fire Ins. Co. (La. App.), 185 S. 2d 336, it was held that where a 5-year-old boy crashed into a sliding glass door while playing tag in the basement meeting room of a church, there was no negligence in simply maintaining a door of clear glass without decals or markings.

2. In our view the evidence presented on the summary judgment motion does not resolve the question of whether the glass door and glass panel installation in this case was a foreseeable peril to one of the minor plaintiff's status. If there was a foreseeable peril, then there is the question of what precaution, if any, would be required of reasonable men under the circumstances to protect from injury and whether any duty owed in such regard was fulfilled or breached. In short, the question remains of whether or not there was any negligence. Questions of negligence, diligence and contributory negligence are not ordinarily susceptible of adjudication on summary judgment. *Brown v. Iocovozzi*, 117 Ga. App. 693, 695 (161 SE2d 385). "[T]he burden of showing the absence of a genuine issue of any material fact rests on the party moving for summary judgment; no duty devolves upon the opposing party to produce rebuttal evidence unless the movant first makes a prima facie showing of right to a summary judgment. *Shadix v. Dowdney*, 117 Ga. App. 720 (162 SE2d 245)." *Central of Ga. R. Co. v. Hawes*, 120 Ga. App. 4 (169 SE2d 356). The defendants did not show a plain and indisputable case of no negligence.

The lower court erred in granting defendants' motion for summary judgment.

3. The enumerations of error which are addressed to orders of the trial court sustaining certain objections by defendants to portions of the affidavits offered by plaintiff, and overruling

an objection by plaintiff to a portion of defendants' affidavits are without merit.

*Judgment reversed. Jordan, P. J., and Hall, J., concur.*

SUBMITTED SEPTEMBER 9, 1969—DECIDED FEBRUARY 18, 1970.

*E. Mullis Whisnant, Wade H. Tomlinson,* for appellant.
*Kelly, Champion & Hinson, S. E. Kelly,* for appellees.