45699.   DYE et al. v. COPELAND et al.

QUILLIAN, Judge. This action is for the wrongful death of the plaintiff's mother which arose out of a collision between a station wagon driven by plaintiff's father and a log truck driven by defendant, John Elton Arp, and owned by Boyd L. Mayhall. Arp was a member of Mayhall's logging crew. The plaintiff alleges that Arp was an agent, employee or servant of Shaner Lumber Company. Defendants Dye and Shaner, d/b/a N. A. Shaner Lumber Company, denied this and moved for summary judgment on this issue. Their motion was denied by the trial court and the case is here for review.

The defendants stated that Mr. Mayhall had a contract to cut and haul timber for their company; that they had no control over his actions; that he was an independent contractor.

However, there was evidence that the defendant, John Elton Arp, Mr. Mayhall and all other members of the logging and trucking crew were paid by Shaner Lumber Company checks; that they were carried on the payroll and office records of the Shaner Lumber Company as employees; that deductions for income taxes and social security were made from their wages and unemployment compensation was paid on them by Shaner Lumber Company as employees of Shaner; that the men were also covered by workmen's compensation insurance carried by Shaner Lumber Company. Federal and State tax returns and employment returns were filed with various government agencies listing defendant Arp and Mayhall as employees of the Shaner Lumber Company.

To rebut this evidence the defendants stated that in the negotiations between Mr. Mayhall and Shaner, Mayhall mentioned that he had no office or bookkeeper and would have a hard time handling the unemployment and social security payments and returns, the income tax withholding, workmen's compensation, and other office matters of that kind. Accordingly, Shaner agreed to supply this service for Mr. Mayhall; that in order to accomplish this, it was agreed that Mr. Mayhall's employees would be carried on the Shaner payroll for bookkeeping and workmen's compensation purposes, but that all of the taxes, insurance premiums, and other expenses attributable to the employer on account of his employees would be deducted from the amounts of money due to Mr. Mayhall under the contractual agreement of Mayhall with Shaner and these sums were in fact deducted from gross amounts due Mr. Mayhall under the contract. *Held:*

The evidence was sufficient to present an issue of fact as to whether John Arp was an independent contractor or an employee of the defendants. The denying of the motion for a summary judgment was not error. See *Maxwell v. Harrell,* 115 Ga. App. 97 (153 SE2d 653); *American Fire & Cas. Co. v. Davidson,* 116 Ga. App. 255 (157 SE2d 55).

*Judgment affirmed. Bell, C. J., and Whitman, J., concur.*
Argued October 1, 1970—Decided December 1, 1970—
Rehearing denied December 16, 1970—Cert. applied for.

*Dennis & Fain, Donald M. Fain,* for appellants.

*Sanders, Mottola, Haugen, Wood & Goodson, Charles L. Goodson, Walter D. Sanders,* for appellees.