46080. RUSHING et al. v. ELLIS et al.

622

ARGUED APRIL 7, 1971—DECIDED SEPTEMBER 20, 1971—
REHEARING DENIED OCTOBER 20, 1971.

*Alaimo, Taylor & Bishop, Anthony A. Alaimo, James A. Bishop,* for appellants.

*Fendig, Dickey, Fendig & Whelchel, Albert Fendig, Jr., Bennet, Gilbert, Gilbert & Whittle, Wallace Harrell, Nightingale, Liles & Dennard, B. N. Nightingale,* for appellees.

QUILLIAN, Judge. ■ It is contended by the defendants that we should not consider the amended pleadings which were filed after the hearing on the motion for summary judgment but prior to the rendition of the judge's order. Section 15 of the Civil Practice Act (*Code Ann.* § 81A-115 (a); Ga. L. 1966, pp. 609, 627; 1968, pp. 1104, 1106) provides: "A party may amend his pleading as a matter of course and without leave of court at any time before the entry of a pretrial order." Paragraph (c) of the same section provides: "Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading." It is, therefore, apparent that the amendment was proper and that it should be considered in passing upon the order on the motion for summary judgment.

■ Under our summary judgment procedure as set forth in Section 56 of the Civil Practice Act (*Code Ann.* § 81A-156; Ga. L. 1966, pp. 609, 660; 1967, pp. 226, 238) and the cases interpreting such statute, the defendants in endeavoring to obtain the grant of a summary judgment are faced with an arduous task. They must negate every material allegation of negligence; for, if one of the grounds is sufficient basis on which to predicate a recovery then every genuine issue of material fact has not been eliminated. See *Colonial Stores v. Turner,* 117 Ga. App. 331, 334 (160 SE2d 672); *Matthews v. North Cobb Tire Co.,* 120 Ga. App. 269, 271 (170 SE2d 57). As held in *Werbin & Tenenbaum, Inc. v. Heard,* 121 Ga. App. 147 (2) (173 SE2d 114): "The defendant, having made the motion for summary judgment, must produce evidence which conclusively negates at least one essential element entitling plaintiff to a recovery under every theory fairly drawn from the pleadings and the evidence."

Here the defendants have detailed the method used in performing the operation and have also offered general proof, by way of

opinion testimony, that the proper procedures were used. In the face of this, the complaint contains numerous allegations of negligence, some of which are not even alluded to in the proof offered by the defendants. Without detailing the allegations and since the motion for summary judgment did not seek a partial grant thereof, we merely note that not all the allegations were pierced by proof.

The defendants argue that after the introduction of their proof the plaintiffs had to come forth with expert medical testimony to show that the alleged acts of negligence were indeed conduct that constituted a failure to live up to the proper standard of care required by law within the dental and medical profession. However, this would only be true where the allegations were pierced by the defendants. Until the defendants satisfied this requirement, there was no burden whatsoever on the plaintiffs who were entitled to rest upon their pleadings. See *Central of Ga. R. Co. v. Hawes,* 120 Ga. App. 4 (169 SE2d 356); *Massey v. Hilton Heights Park,* 121 Ga. App. 214, 219 (173 SE2d 396).

We further note that where the proof offered by the defendants consists of medical opinion testimony, expert or otherwise, summary judgment is not proper. See *Truluck v. Funderburk,* 119 Ga. App. 734 (168 SE2d 657); *Williams v. Melton,* 120 Ga. App. 466 (171 SE2d 318); *Ga. Osteopathic Hospital v. Davidson,* 121 Ga. App. 371 (173 SE2d 734). Even in *Anderson v. Crippen,* 122 Ga. App. 27, 29 (176 SE2d 196), relied upon by the defendants, the court recognized the validity of such proposition, "where a jury would ultimately have to make a choice of inference as to negligence or non-negligence based on medical opinion evidence as to what procedures would constitute the exercise of reasonable care and skill in diagnosis and treatment, and thus would necessarily be dependent on the opinions of doctors as to what was proper."

Many of the complaint's allegations concerned whether certain procedures were necessary or accepted medical practice. Such issues could only be determined by expert opinion testimony which falls squarely within the rule originally pronounced by the Supreme Court in *Ginn v. Morgan,* 225 Ga. 192 (167 SE2d 393); *Harrison v. Tuggle,* 225 Ga. 211 (167 SE2d 395). In this connection it should be noted that the complaint alleged that the defend-

ants were negligent in failing to warn the deceased patient of the dangers of being placed under general anesthesia. Similar allegations were recognized in *Anderson v. Crippen,* 122 Ga. App. 27, supra, to be a valid basis for the denial of a summary judgment.

Thus, in this case the presence of facts as to the procedure used and opinion testimony that this was a proper and accepted method would not demand the grant of a summary judgment, especially where there are extensive and specific allegations of negligence, some of which are answered neither one way nor the other.

*Judgment reversed. Jordan, P. J., concurs. Evans, J., concurs specially.*

EVANS, Judge, concurring specially. I concur in the judgment of reversal and generally with the majority as to the ruling in Headnote 2 and Division 2 of the opinion. It is my opinion that this court is bound by the rulings pronounced by the Supreme Court in *Ginn v. Morgan,* 225 Ga. 192 (167 SE2d 393) and *Harrison v. Tuggle,* 225 Ga. 211 (167 SE2d 395) and rulings by this court in *Truluck v. Funderburk,* 119 Ga. App. 734 (168 SE2d 657) and *Williams v. Melton,* 120 Ga. App. 466 (171 SE2d 318) rather than that of *Anderson v. Crippen,* 122 Ga. App. 27 (176 SE2d 196). See my dissent in the *Anderson v. Crippen* case. While the majority may be perfectly correct in its ruling in Headnote 1, Division 1, with reference to § 15, CPA (*Code Ann.* § 81A-115 (a) as amended), supra, to the effect that a party may amend his pleadings as a matter of course at any time before entry of the pre-trial order, nevertheless, in the cases of *Studstill v. Aetna Cas. & Surety Co.,* 101 Ga. App. 766 (2) (115 SE2d 374) and *Scales v. Peevy,* 103 Ga. App. 42 (2) (118 SE2d 193) this court has implied that a judgment shall be rendered forthwith on a motion for summary judgment and the time for the opposite party to present his relevant evidence, "pleadings, depositions, answers to interrogatories," etc., shall be at the time of the hearing. I feel it is not necessary here to make a ruling as made by the majority in Headnote 1, Division 1 to reach a decision here and, hence, I prefer to leave this question for decision at some future date. I, therefore, specially concur in the judgment of reversal for the reasons stated above.