### 46752. BINFORD v. BUSH et al.

PANNELL, Judge. This is an appeal from the denial of a summary judgment sought by the defendant-appellant in two separate actions by husband and wife seeking to recover for damages sustained as the result of a collision between the automobile owned by one and driven by the other plaintiff when the car ran into a calf upon the highway. Both actions were brought under the law of 1953 (Ga. L. 1953, pp. 380, 381; *Code Ann.* § 62-1604) which provides: "No owner shall permit livestock to run

at large on or stray upon the public roads of this State." The appellant-defendant's motions for summary judgment in each case were based upon the defendant's answer to interrogatories propounded by the plaintiffs, and the affidavits of the defendant and his foreman. The foreman's affidavit is as follows: "Deponent further says on oath that he is 46 years old, that he has been handling cattle all of his life, and has made his living doing so for more than 20 years; that the calf involved in the above-stated cases was a young calf weighing only about 400 pounds, and had just been taken from its mother and placed in what is called the 'holding pen'; that the calf was in these holding pens when it escaped on the night of the occurrence involved in the above-stated cases; that the holding pens are of unusually high quality, being constructed of a solid (as opposed to strands) woven galvanized wire of at least 4-1/2 feet in height, with galvanized steel fence posts; that no cow has ever, during deponent's 8 years of employment with defendant, been able to escape from the holding pen, including 2,000-pound bulls that have been placed in it; that in all of deponent's experience deponent has never seen a cattle fence comparable in quality to the holding pen fence; that the fence was in excellent condition at the time of subject occurrence, defendant having, only about 12 months earlier, had the fence completely rebuilt by a fence company at a cost in excess of $2,000; that deponent inspected the fence surrounding the pens from which the calf escaped on the morning following the occurrence and found it to be in perfect condition without any defects whatsoever; that the height of the fence was greater than that accepted throughout the cattle industry as being sufficient to keep cattle; and that there was nothing in deponent's experience that would have indicated that a cow could possibly escape from the holding pens." The defendant's affidavit is as follows; "Deponent further says on oath that he has been engaged in the cattle farming business for 30 years; that the holding

pens from which the subject calf escaped were originally erected about 15 or 20 years prior thereto; that about 1 year before subject occurrence the holding pens were completely refurbished at an expense of approximately $2,000, and were in excellent condition at the time of subject occurrence; that during the entire existence of said pens, no cow of any size had ever been able to escape from them and there had never been any occurrence that might indicate that it was possible for a calf or cow to escape from said pens; that subject pens were inspected on the morning following the occurrence and the fence found to be without defect; that the escape of subject calf from said holding pens was such an unusual and unexpected occurrence that it was not possible to anticipate, based on experience, that a calf could possibly escape from such an enclosure." The following question and answer appear in the interrogatory: "Q. Are there any gates in the fence running along your pasture abutting Highway #36? A. There are no gates in the fence to the holding pens abutting Highway #36." *Held:*

Assuming, without deciding that this evidence demands a finding, there was no negligence on the part of the defendant as to the construction, maintenance or "defects in the fence," (see however, *Porier v. Spivey,* 97 Ga. App. 209 (102 SE2d 706); *Code* § 38-113; *Templeton v. Kennesaw Life &c. Ins. Co.,* 216 Ga. 770, 773 (119 SE2d 549); *Harris v. Smith,* 119 Ga. App. 306 (167 SE2d 198)) the evidence here fails to disclose the condition of the way into or out of the holding pen, either before or after the escape of the animal, or as to any acts or lack of acts on the part of the defendant thereto, or whether or not the defendant exercised due care in reference thereto. We, accordingly, hold that under the evidence presented, the defendant has not met the required burden of proof necessary to secure a summary judgment in its favor. See in this connection *Sanfrantello v. Sears, Roebuck & Co.,* 118 Ga. App. 205 (163 SE2d 256); *Central of Ga. R. Co. v. Hawes,* 120 Ga. App. 4 (169 SE2d 356); *Blair v.*

*Rayburn,* 120 Ga. App. 57 (3) (169 SE2d 679); *Matthews v. North Cobb Tire Co.,* 120 Ga. App. 269, 271 (170 SE2d 57).

*Judgment affirmed. Hall, P. J., and Quillian, J., concur.* ARGUED JANUARY 7, 1972—DECIDED MARCH 10, 1972.

*Adams & Barfield, Ronald Barfield, Martin, Snow, Grant & Napier, Cubbedge Snow,* for appellant.

*Thomas M. Jackson,* for appellees.