## 49575. LAWSON PRODUCTS, INC. v. ROUSEY.

EBERHARDT, Presiding Judge.

Plaintiff brought this action against Robert E. Mosley for personal injuries sustained as the result of an automobile collision. After taking the deposition of Mosley, plaintiff amended his pleadings to add as a defendant Lawson Products, Inc., alleging that at the time of the accident Mosley was the servant of Lawson Products and latter was therefore vicariously liable to plaintiff for its servant's negligence. Lawson Products moved for a summary judgment on the grounds that Mosley was not its servant, and supported said motion with depositions of Mosley and the regional sales manager of Lawson Products. The trial court denied the motion and certified the issue for immediate review pursuant to Code Ann. § 81A-156 (h).

The depositions of Mosley and the defendant's regional sales manager showed that: At the time of the accident Mosley was driving his personal car and was towing a four-wheel camper on his way from Toccoa to Clayton, for the purpose of calling on customers there. He was a general sales representative for Lawson Products with whom he had worked for over one year, not under a written contract and for an indefinite duration. He had no specific working hours and was "on his own" as to his work schedule. He was assigned a specific geographical area, and was expected to provide his own transportation and pay his own expenses for which he was not reimbursed. Mosley received instructions by Lawson Products on the product sold, the procedure for ordering, utilization of display books, and specific accounts in the area that he was required to service. He was also instructed to send daily reports to the regional manager on the number of calls he made each day, to whom, and amount of sale, etc. Mosley was paid by commission directly by Lawson Products and, upon his making a sale, Lawson supplied the product directly to the customer, although occasionally Mosley was paid by and made deliveries to the customer himself. Mosley was to sell according to a price list supplied by Lawson Products, and at intervals the latter sent out persons to check on him. The regional manager felt that he could discharge Mosley "primarily" for dishonesty, but Mosley felt he could be discharged at any time for any reason. Lawson Products had available to its salesmen group health and accident insurance. However, each salesman was expected to withhold and pay taxes from his commissions on his own. *Held:*

1. A party moving for a summary judgment has the burden of establishing that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. *Massey v. Hilton Heights Park, Inc.,* 121 Ga. App. 214 (173 SE2d 396); *Holland v. Sanfax Corp.,* 106 Ga. App. 1 (126 SE2d 442). "The party opposing the motion is to be given the benefit of all reasonable doubts in determining whether a genuine issue exists and the trial court must give that party the benefit of all reasonable inferences that may be drawn from the

evidence." *Holland v. Sanfax,* 106 Ga. App. 1, 5, supra.

Under the above facts more than one inference can be drawn from these facts as to whether Mosley was the servant of Lawson or an independent contractor. See *Wood v. Brunswick Pulp & Paper Co.,* 119 Ga. App. 880 (169 SE2d 403); 57 CJS 409, Master and Servant § 617a.(2) & (5). There are cases presenting factual situations wherein the issue of the relationship between an alleged master and servant has been decided as a matter of law. *Red Top Cab Co., Inc. v. Hyder,* 130 Ga. App. 870 (204 SE2d 814) (independent contractor); *Clark v. Atlanta Veterans Transp., Inc.,* 113 Ga. App. 531 (148 SE2d 921) (independent contractor); *Van Pelt v. Atlanta Hub Co.,* 51 Ga. App. 257 (179 SE 908) (independent contractor); *Mitchem v. Shearman Concrete Pipe Co.,* 45 Ga. App. 809 (165 SE 889) (servant). However, this issue is generally a question of fact to be decided by a jury. *Smith v. Poteet,* 127 Ga. App. 735, 738 (195 SE2d 213); *Dye v. Copeland,* 123 Ga. App. 119 (179 SE2d 558); *American Fire & Cas. Co. v. Davidson,* 116 Ga. App. 255 (157 SE2d 55); *Maxwell v. Harrell,* 115 Ga. App. 97 (2) (153 SE2d 653); *Gulf Life Ins. Co. v. McDaniel,* 75 Ga. App. 549 (43 SE2d 784); *Quinan v. Standard Fuel Supply Co.,* 25 Ga. App. 47 (3) (102 SE 543).

We are not dealing with the meaning of terms of a written contract of employment such as controlled the cases of *Jordan v. Townsend,* 128 Ga. App. 583 (197 SE2d 482) and *Lyons v. Employers Mutual Liability Ins. Co.,* 127 Ga. App. 268 (193 SE2d 244) and others, since none exists here. This case is also distinguishable from *Red Top Cab Co. v. Hyder,* 130 Ga. App. 870, supra, where this court reversed the denial by the trial court of defendant's motion for summary judgment on the basis that the defendant exercised no control over its driver's activities since the driver's leasing of the cab involved made it an independent contractor. A different factual situation is presented here.

The denial of defendant's motion for summary judgment was therefore not error.

*Judgment affirmed. Deen and Stolz, JJ., concur.*

Argued September 5, 1974 — Decided September 25, 1974.

*Neely, Freeman & Hawkins, William Q. Bird,* for appellant.

*Griggs & Butterworth, Joseph A. Griggs, James N. Butterworth, Powell, Goldstein, Frazier & Murphy, Eugene G. Partain, John D. Lowery,* for appellee.