51291. BRUCE et al. v. UNION CAMP, INC. et al.

MARSHALL, Judge.

This is an appeal from the order of the trial court granting summary judgment for defendants below, Union Camp, Inc., and Satilla Rural Electric Association against the plaintiffs below, Bruce et ux.

Bruce and wife owned a mobile home in the rural area of Jeff Davis County close to Hazlehurst, located on

property owned by Mrs. Bruce's mother. An electric power line owned by Satilla REA ran above and to the rear of the mobile home. The defendant Rickerson, insolvent and now in default, contracted with the property owner to harvest pulpwood. During these operations, Rickerson and his crew felled a tree that in its fall broke the power line adjacent to the Bruces' mobile home. The broken end of the power line apparently fell upon a guy wire supporting a TV antenna mounted upon the mobile home. The ensuing sparking and electrical short started a fire which completely consumed the mobile home and all its contents. Appellants contended in their petition that Satilla REA was negligent in placing the power line too close to the structure, and to growing trees, and in failing to provide proper safety devices. The petition further contended that appellee Union Camp was liable upon a master-servant or agency theory, alleging that defendant Rickerson was under the direction and acting on behalf of Union Camp in the logging operation. *Held:*

Under the evidence in the record, we are satisfied that the proximate cause of the fire that destroyed appellants' mobile home was the act of defendant Rickerson in negligently felling a tree and that act constituted a separate and independent agency in no way attributable to the placement of the power line by Satilla REA. *Beckham v. Seaboard Air-Line R.,* 127 Ga. 550 (56 SE 638); *Irwin v. Ga. Power &c. Co.,* 84 Ga. App. 665 (67 SE2d 151); *Tidwell v. Ga. Power Co.,* 60 Ga. App. 38 (2 SE2d 713); *Ga. Power Co. v. Wood,* 43 Ga. App. 542 (159 SE 729). Accordingly, there was no genuine issue as to any material fact relating to the negligence or liability of appellee Satilla REA. The trial court did not err in granting the motion for summary judgment as to that defendant. *Holland v. Sanfax Corp.,* 106 Ga. App. 1 (126 SE2d 442).

We are faced with a different situation in relation to the appellee Union Camp. The evidence produced by Union Camp established that Rickerson was an entrepreneur in no way working at the direction of, or on behalf of Union Camp. On the other hand, the evidence produced by the Bruces would tend to indicate that Rickerson was responsible to Union Camp for his logging

operations and acting at the direction of and under the control of Union Camp. The assertions of Union Camp's pulpwood yard manager were directly contradictory to the assertions of the property owner. In such a state of evidence, the issue of whether Rickerson was a servant of Union Camp or an independent contractor was for the jury upon proper instruction. *Lawson Products, Inc. v. Rousey,* 132 Ga. App. 726 (209 SE2d 125). There remains genuine issue of material fact (*Raven v. Dodd's Auto Sales &c. Inc.,* 117 Ga. App. 416, 420, 421 (160 SE2d 633)), and a failure to establish that defendants are entitled to judgment as a matter of law. *Harrison v. Tuggle,* 225 Ga. 211 (167 SE2d 395). Accordingly, the trial court erred in granting summary judgment in favor of Union Camp and against appellants.

*Judgment affirmed in part and reversed in part. Bell, C. J., and Webb, J., concur.*

ARGUED OCTOBER 6, 1975 — DECIDED DECEMBER 3, 1975 — REHEARING DENIED DECEMBER 19, 1975.

*Mimbs & Cooley, Jackson S. Cooley,* for appellants.
*Bouhan, Williams & Levy, Frank W. Seiler, W. Ward Newton,* for appellees.