A95A1952. McNEAL LOFTIS, INC. v. HELMEY.
(462 SE2d 789)

BLACKBURN, Judge.

McNeal Loftis, Inc. d/b/a Hillcrest Abbey West (Hillcrest), a cemetery owner, appeals the trial court's denial of its motion for summary judgment that it had not interfered with burial rights as contended.

Margaret Helmey brought this action individually and as executrix of the estate of Sidney E. Helmey, her husband. Mr. Helmey died on October 11, 1993. The next day Hillcrest was advised that his burial would take place at 11:00 a.m. on October 13. Hillcrest was familiar with the burial location and had no indication of anything unusual that would hamper preparing the grave. Hillcrest commenced digging the grave at 9:40 a.m. the morning of the funeral, discovering that the soil was very hard and was filled with roots. It soon became apparent that the grave could not be prepared before the 11:00 a.m. funeral, and a Hillcrest representative contacted the funeral home where the memorial service was being conducted. The Hillcrest representative explained the problem and asked that the funeral party be detained until the grave could be completed. The record is silent as to why, but the funeral party was not detained and arrived at the cemetery una-

ware of the problem. At the grave site, they discovered maintenance men in the process of digging the grave using a dump truck and a backhoe. At plaintiff's request, the truck and backhoe were temporarily removed and the burial service conducted. While offered the opportunity to return to the funeral home while the grave was being prepared, plaintiff and other members of the funeral party chose to remain at the cemetery until the body was interred. In addition to problems preparing the grave, the burial was further delayed when a vault plaintiff had purchased from Hillcrest as well as its replacement proved to be defective. The third vault supplied by Hillcrest proved to be suitable, and burial was concluded around 3:30 p.m.

The trial court granted Hillcrest's summary judgment on contractual claims regarding the defective vault but denied summary judgment on the issue of whether Hillcrest interfered with the plaintiff's right to bury her husband. We granted Hillcrest's request for interlocutory appeal.

Hillcrest owed plaintiff the duty not to wilfully or wantonly interfere with the burial of her husband. *Habersham Mem. Park v. Moore*, 164 Ga. App. 676, 678 (297 SE2d 315) (1982). A demonstration of mere negligence is not sufficient to show wilful or wanton behavior. In order to prove wilful or wanton conduct, a plaintiff must demonstrate that a defendant's acts were " 'such as to evidence a wilful intention to inflict the injury, or else [were] so reckless or so charged with indifference to the consequences . . . as to justify . . . finding a wantonness equivalent in spirit to actual intent.' [Cit.]" *Hawes v. Central of Ga. R. Co.*, 117 Ga. App. 771, 772 (162 SE2d 14) (1968). Providing every favorable inference to the plaintiff as we are required to do in evaluating a motion for summary judgment, we find she failed to make this showing. There is no indication that Hillcrest intended to interfere with Mr. Helmey's peaceful burial.[1] Thus, we must evaluate whether Hillcrest's conduct was so wanton that it could serve as the functional equivalent of intentional conduct.

Hillcrest offered unrefuted evidence that its inspection of the grave's location revealed none of the problems that were discovered once digging commenced. While plaintiff asserts that Hillcrest waited

---

[1] Prior cases addressing tortious interference with burial rights prior to and during a funeral evidence an element of intent not demonstrated in this case. *Louisville &c. R. Co. v. Wilson*, 123 Ga. 62 (51 SE 24) (1905) (defendant charged with transporting deceased, left body exposed during rainstorm despite widow's request that it be moved under cover); *Wright v. Hollywood Cemetery Corp.*, 112 Ga. 884 (38 SE 94) (1901) (defendant cemetery owner refused funeral procession bearing body access to family plot after grave had been prepared); *Habersham Mem. Park v. Moore*, supra (defendant disrupted funeral by arguing with members of the funeral party including minister as he was conducting the service); *Stephens v. Waits*, 53 Ga. App. 44 (184 SE 781) (1936) (defendant physically threatened those preparing grave and later delayed burial by blocking access to grave).

until the "last minute" to prepare the site, it offered no evidence to support this conclusion, e.g., it offered no evidence that more time is generally required to prepare a grave or that Hillcrest was lax in the way it examined the location before digging began. Further, plaintiff did not dispute Hillcrest's claim that it contacted the funeral home upon discovering the problem so as to prevent the funeral party from coming to the cemetery until the grave had been prepared. This one act — an effort to protect the funeral party from distress albeit unsuccessful — indicates that Hillcrest had concern for the consequences of its actions and was not behaving wantonly.

As plaintiff failed to demonstrate an element necessary to recover for tortious interference with burial rights, the trial court erred in denying Hillcrest's motion for summary judgment as to that claim.

*Judgment reversed. McMurray, P. J., and Andrews, J., concur.*

DECIDED OCTOBER 2, 1995.

*Clark & Clark, Fred S. Clark,* for appellant.

*Inglesby, Falligant, Horne, Courington & Nash, Thomas A. Nash, Donaldson, Herndon, Bell & Metts, James C. Metts III, V. Claire Cornwell-Williams,* for appellee.

