Handelun v. Burlington, Cedar Rapids & Northern R'y Co.

HANDELUN v. THE BURLINGTON, CEDAR RAPIDS & NORTHERN R'Y CO.

1. Railroads: INJURY TO EMPLOYE: NEGLIGENCE OF CO-EMPLOYE: CODE, § 1307. An employe of a railroad company whose duty it is to assist in loading and unloading gravel cars, and to perform any other service, as required, in or about the work in hand, and to ride back and forth on the cars between the gravel pit and the places where the gravel is distributed on the track, is a person employed in the operation of the road, within the meaning of § 1307 of the Code, which gives to such employes a remedy for injuries caused by the negligence of co-employes. (Compare *Deppe v. Chicago, R. I. & P. R'y Co.*, 36 Iowa, 52.)

2. ———: ———: PROXIMATE CAUSE: EVIDENCE. Plaintiff was employed by defendant in loading and unloading gravel cars. While working in front of the locomotive, it was suddenly put in motion, and he went to the side of the track while the train passed, where there was a narrow space between the train and a bank of sand about eight feet high. While the train was passing, a quantity of sand fell upon him from the bank, forcing him against the moving train, so that he was run over by one of the wheels and injured. *Held* that he could not recover unless the negligence of his co-defendants in starting the train was the proximate cause of the injury; and that whether it was or was not the proximate cause depended on whether he was obliged to go under the bank to avoid danger from the moving train, and whether, if he was, the bank was such that a dangerous fall of sand was reasonably to be apprehended; and that, in the absence of evidence on these points, the court should have ordered a verdict for defendant.

3. **Personal Injury:** PROXIMATE CAUSE: RULE STATED. On the subject of proximate cause, the following language is used, *arguendo*, in the second division of the opinion: "While it may not be wise to attempt to lay down any general rule on the subject, we think it may safely be said that, wherever one person is compelled by the act or omission of another to do some act from which injury to himself is reasonably and naturally to be apprehended, and injury does result from it, such injury should be regarded as a consequence of the act or omission of the other," and *Crowley v. Burlington, C. R. & N. R'y Co.*, 65 Iowa, 658, is cited.

*Appeal from Linn District Court.*

FRIDAY, MARCH 4, 1887.

ACTION for damages for a personal injury sustained by plaintiff while in defendant's employ as a laborer on a construction train. There was a verdict and judgment for plaintiff. Defendant appeals.

*S. K. Tracy*, for appellant.

*Preston Bros.*, for appellee.

REED, J.—The train on which plaintiff was employed was used for hauling sand and gravel from a pit, and distributing the same along the main track of defendant's road for ballast. At the time of the accident, the train was at the pit, being loaded. A quantity of sand had fallen upon the track in front of the engine, and plaintiff and one or two other employes were directed by the foreman to remove it. Before they had finished the work of removing it, however, the engine was put in motion, and started forward. On one side of the track there was a bank of sand about eight feet high. The space between this bank and the sides of the cars was about two feet wide. Plaintiff, in getting out of the way of the engine, stepped into this space. After the engine and one or two cars had passed, a quantity of sand fell from the bank, striking and knocking him against the moving cars. The wheels of one of the cars struck or passed over one of his legs, fracturing the bone in two places. Plaintiff seeks to recover for the injury, on the ground that it was occasioned,

as he alleges in his petition, by the negligence and careless-
ness of the employes of defendant in suddenly putting the
locomotive in motion, and moving it and the train forward,
without first ringing the bell, or giving other signal to indi-
cate that they were about to do so. It is also alleged that
they negligently ran the train upon him. There was a
conflict in the evidence as to whether the bell was rung
before the train was started ; but that was the only contro-
verted question of fact in the case. Plaintiff saw that the
train was moving towards him, and, to avoid it, he stepped
or jumped into the space in which he stood when he was
struck by the falling sand. The space was wide enough to
permit him to stand clear of the train, and he would not
have been injured if the sand had not fallen upon him, and
thrown him against the cars.

I. Counsel for defendant asked the court to instruct the
jury that, as plaintiff was not employed in the work of
operating the train on the railroad, he did not
belong to the class of employes to whom the
statute ( Code, § 1307 ) gives a remedy for injur-
ies occasioned by the negligence of co-employes ;
but the court refused to give such instruction. As stated
above, plaintiff was employed on a train which was used for
hauling and distributing sand upon the track. He assisted
in loading and unloading the cars, and he might be required
to perform any other service in or about the work which was
being done, and when he passed between the gravel-pit and
the points on the track where the ballast was deposited he
rode upon the train. In the performance of the duties of
his employment, he was necessarily exposed to all of the ordi-
nary risks and dangers which arose from the operation of the
train. The statute was intended for the protection and bene-
fit of the class of employes who, from the nature of their
employment, are exposed to the dangers incident to the oper-
ation of the railroad ; and we think it clear that employes
whose duties are of the nature of those performed by plaint-

1. RAILROADS:
injury to em-
ploye : neg-
ligence of co-
employe:
Code, § 1307.

iff should be included in that class. The facts of the case, so far as they affect this question, are like those in *Deppe v. Chicago, R. I. & P. R'y Co.*, 36 Iowa, 52. The ruling of the district court on the question is in accord with the holding of this court in that case.

II. Counsel also asked the court to instruct the jury that, as the immediate and direct cause of the injury was the falling of the sand from the bank, and this was not the effect or consequence of the omission of the signal before the train was started, plaintiff could not recover. It is very clear that, unless it can be said that the injury was the natural and proximate consequence of the negligence complained of, plaintiff is without remedy. The question whether the relation of cause and effect existed between the alleged negligent act and the injury was not submitted to the jury. We do not say that a case might not arise upon a somewhat similar state of facts in which it could be said that the injury was the consequence of the omission complained of. If the plaintiff had been working upon a bridge or culvert, and the locomotive had been suddenly put in motion without any signal having been given, and he had been compelled to jump from the bridge to avoid being run over by the engine, and had sustained an injury, it could very properly be said, perhaps, that the injury was the natural and proximate consequence of the act of starting the engine without having given the signal. In that case, the immediate cause of the injury would be the act of the party in jumping from the bridge; but, as he was compelled to do that by the act of the engineer in running the engine upon him, without first giving him warning and an opportunity to get to a place of safety, it would be an immediate consequence of that act. The injury would be a result naturally to be anticipated from the act. While it may not be wise to attempt to lay down any general rule on the subject, we think it may safely be said that, whenever one person is compelled by the act or

2. ——: ——; proximate cause: evidence.

3. PERSONAL injury: proximate cause: rule stated.

omission of another to do some act from which injury to himself is reasonably and naturally to be apprehended, and injury does result from it, such injury should be regarded as a consequence of the act or omission of the other. Practically, that is the doctrine of *Crowley v. Burlington, C. R. & N. R'y Co.*, 65 Iowa, 658. Under this rule, if the condition of the bank had been such that a slide of sand from it while the train was passing, such as actually occurred, was reasonably to have been apprehended, and plaintiff, owing to the sudden starting of the train, and the omission to give the signal, had no opportunity to go to a place of safety, but was compelled to go into the space between the bank and the track to avoid being run over by the train, it could be said that the injury was the consequence of the negligence complained of. But, unless it could reasonably have been anticipated that the accident which was the immediate cause of the injury would occur, and he was compelled by the act or omission complained of to occupy that place, the injury would, in no legal sense, be the consequence of the act or omission. And it seems to us that there was no evidence of the existence of these facts. The case appears to have been tried upon the theory that it was not essential to plaintiff's right of recovery that they be proven.

Upon the state of the proof when the parties rested, plaintiff had not made out a case, and the court should have given the instruction asked

REVERSED.