## 20939. GEORGIA POWER COMPANY v. WOOD.

DECIDED JULY 14, 1931.

*Quincey & Quincey, Colquitt, Parker, Troutman & Arkwright,* for plaintiff in error.

*Kelley & Dickerson, Moore, Oberry & Wheless,* contra.

LUKE, J. D. Wood brought an action for damages against the Georgia Power Company for the homicide of his minor son, D. B. Wood. The sole question presented by the record is whether the trial judge erred in overruling a general demurrer to the petition.

Omitting some of its formal allegations, and other allegations deemed unnecessary to the determination of the question raised, the petition substantially alleges: That at the time of the alleged homicide petitioner was the father of D. B. Wood, an infant eighteen years of age, whose mother was dead, who left no widow or child, and who contributed to petitioner's support. 5. That on May 26, 1930, petitioner was in the employ of E. L. Vickers, "engaged in cutting and felling trees on the lands of E. L. Vickers for cross-tie purposes;" that said lands were about seven miles from Douglas, Ga., and adjacent to defendant's right of way, which was "maintained by defendant for its high-voltage power-lines;" that at said place defendant "maintained on its right of way three high-voltage power-lines . . carrying 11000 volts;" that "at this particular place said power-lines crossed Seventeen-Mile Creek and swamp," and were unsupported by any poles or cross-arms for a distance of 680 feet; and that "on account of said great distance between these cross-arms, the wires at this point were strained by

their own weight, and a great deal more so than at other points along defendant's said line." 6. That while so engaged in the employ of said E. L. Vickers, petitioner "cut down and felled a cypress tree located on the lands of E. L. Vickers some 40 feet from the northern edge of the right of way of the defendant," the top of said tree, in falling, touching and breaking one of defendant's said wires "at a point some 35 or 40 feet below, in a westerly direction from where the tree touched said wire." 7. "At the point where said wire broke, it had become stretched and weakened by the excessive strain of its own weight, due to the extraordinary length of the span of defendant's wires at that particular place, and said wire, either because of an inherent defect in its material . . or for some other cause unknown to your petitioner, was weakened at this particular point." 8. "Petitioner shows that he was not aware that said tree, if cut down and felled by him, would strike" said wire, and "that he could not have discovered this by the exercise of ordinary care, and petitioner supposed that defendant would have a right of way sufficiently wide to protect said wires from falling trees, and petitioner shows that he was unaware that said tree had fallen on defendant's wire and broken it until later." 9. "The right of way of defendant at this point was only 37-1/2 feet wide, extending on either side of the centre of the power line a distance of about 18 feet only, and at this particular place there was a dense swamp, with numerous tall . . trees standing on the land immediately north of defendant's right of way, and in close proximity to its high-voltage wires." 10. "When said tree fell against the line as aforesaid the western section of the broken wire on the north side as aforesaid recoiled some distance from where the break occurred and touched the ground and water of the swamp at a point immediately opposite the western end of the Seventeen-Mile creek bridge, on the Dixie Highway between Douglas, Ga., and Nicholls, Ga." 11. "The eastern section of said broken wire also touched said water and swamp, and thus completed a circuit through the ground, connecting said broken wires and causing the full charge of said wires to be conducted through the ground." 12. "About twenty minutes after the break occurred, D. B. Wood, the deceased, who had no knowledge that the defendant's wire had been broken, and had no knowledge of said dangerous condition, left the Dixie Highway

544

where he had been walking with several friends, and went down into a small pool of water to catch a large fish which he saw in the water. Immediately upon coming in contact with said ground and water, the entire charge of 11000 volts was conducted through the body of D. B. Wood, and he was instantly electrocuted."

13. Petitioner shows that defendant was negligent in the following particulars: (a) In maintaining power-lines carrying a voltage of 11000 volts at a height of 40 feet above the ground, over a right of way of only 37-1/2 feet cleared ground, and in close proximity to tall swamp trees adjoining the right of way. (b) In maintaining its high-voltage lines over said Seventeen-Mile Creek and swamp without poles and cross-arms, or other support, for a distance of 680 feet. (c) In maintaining a wire having a weak place in it over such a long span, and in close proximity to the swamp and trees aforesaid. (d) In maintaining high-voltage wires carrying a current of 11000 volts, one of which was weakened, over a right of way only 37-1/2 feet in width, and with no support for a distance of 680 feet, and in close proximity to tall swamp trees. (e) In not having its power system equipped with what is commonly known as a circuit-breaker, so that when its wire broke the current would have been automatically cut off.

14. "Petitioner shows that both he and the deceased, D. B. Wood, were free from fault, and that neither of them contributed to the death of said deceased, but that said death was caused solely by the negligence of the defendant as set forth in paragraph 13 of this petition."

The demurrer to the foregoing petition is substantially as follows: 1. "There are not sufficient facts set out in said petition to constitute a cause of action against the defendant." 2. "Said petition shows on its face that petitioner is not entitled to recover in said case." 3. "The acts therein sought to be charged in said petition are not the proximate cause of the injury for which suit is brought." 4. "Said petition shows there was an intervening act of plaintiff himself which was the proximate, producing cause of the injury. . ."

We have set out the material parts of the petition somewhat fully. We doubt if its allegations of fact show actionable negligence on the part of the defendant. But however this may be, granting for the purposes of this decision that the defendant was

negligent, we are satisfied that the effective and proximate cause of the homicide was the intervening of a separate and independent agency, to wit, the act of the petitioner himself in felling the cypress tree upon the defendant's wire. See *Higginbotham* v. *Rome Railway & Light Co.*, 23 Ga. App. 753 (99 S. E. 638); *Rome Railway & Light Co.* v. *Robinson*, 35 Ga. App. 521 (134 S. E. 132), 164 Ga. 656 (139 S. E. 345). Therefore we hold that the petition in this case fails to set out a cause of action, and that the trial judge erred in overruling the general demurrer.

*Judgment reversed. Broyles, C. J., concurs. Bloodworth, J., absent on account of illness.*