27484. TIDWELL *v.* GEORGIA POWER COMPANY.

DECIDED APRIL 26, 1939.

*Stanford Arnold,* for plaintiff.

*Foley & Chappell, A. Sidney Camp, Albert W. Stubbs Jr.,* for defendant.

FELTON, J.  Virgil A. Tidwell brought suit against the Georgia Power Company, alleging in substance that the company was indebted to the plaintiff for injuries caused by the negligent acts of the company; that on the date of the injury the defendant was engaged in the business of producing and transmitting electricity over its lines in Coweta County; that an electric current of 38,000 volts was being transmitted over the line in question on the day of the injury; that the current was carried by means of metal wires attached to insulators on cross-beams of wood fixed near the tops of poles about twenty feet in height; that these wires, as they carried the high voltage of current, were extremely dangerous in that any person who might come in contact with them would be instantly killed or severely injured, and this fact was well known to the defendant, and the wires were elevated about twenty feet from the ground to avoid such contact; that at the place of injury the wires were strung along the side of the highway, and had been placed there without objection on the part of the highway authorities, but the defendant did not own any easement, title, or right of way in the lands occupied and used by the poles and wires; that the poles were within four or five feet of the roadway, and so located that the breaking of any pole or wires would cause the wires to come into and on the roadway; that plans were made by the proper authorities to widen and relocate the highway, and the defendant was notified by the clerk of the county commissioners to remove its poles and wires from the right of way, and was further notified of the proposed widening and grading of the right of way; that the defendant was notified of the manner of the work to be done, including the clearing of the right of way, in ample time for it to have removed its wires and poles; that the defendant, though warned and notified to move its wires and poles, and though fully aware of conditions, failed to remove, safeguard, or take any step to avoid injury by the high-voltage line, but, with knowledge that the work on the highway was being done, continued to transmit the power over its line, knowing full well that the injuries complained of would probably, if not certainly, result; that the work being done on the right of way was the cutting of trees along the highway in order to widen it; that the defendant knew when, how, and

by whom such trees were being cut; that on the date of the injury the plaintiff was employed by a construction company, and had no connection with the cutting of the trees or the clearing of the right of way under the wires of the defendant; that his duties required that he carry fuel-oil to a tractor; that on the morning in question he procured the oil and was proceeding to convey it to the tractor; that other workmen rode on the truck with him to a point where they were to begin work; that he had no connection with the duties of these particular men; that at the time these workmen left the truck no trees were being cut, and the plaintiff did not know any had been or were to be cut in that vicinity; that he had no knowledge of any danger from high-voltage wires along the road while trees were being cut thereabout; that as he started his truck a certain foreman with his company stopped him and asked him for a bucketful of fuel-oil; that at this time the truck of the plaintiff was stationed in the public road about four feet from the edge of the road; that he stood on the ground and, after taking the bung from the barrel, poured out a bucket of oil with the assistance of two helpers, and was then replacing the bung in the drum; that suddenly, without any warning, he was struck by 38,000 volts of electricity; that unknown to him, while he had stopped to deliver the oil, workmen had resumed the work of clearing the right of way; that the work at this point had been in progress for several days; that on the previous day a certain tree, near the power line and about 100 feet from where he was standing, had been cut but not enough to cause it to fall; that while he was standing in the road workmen cut through the tree, and it fell, striking the power line; that one of the poles holding this line was decayed and weak by reason of a woodpecker's nest in the pole about three feet from the top; that the nest was of long standing, and the condition of the pole was such that it broke off when the tree came into contact with the wires; that when the top of the pole broke, the weight of the remaining top of the pole, the insulators, and the cross-beam caused the wires to drop and sag and come into contact with the truck and the drum, and the 38,000 volts of current went into the hands, etc., of the plaintiff; that he sustained certain named injuries; that all the injuries were due, not to any negligence on the part of the plaintiff, but solely to the negligence of defendant; that the defendant was negligent (a) in

maintaining such wires with an insufficient pole; (b) in maintaining the line on the highway after notice to remove therefrom; (c) in maintaining the wires with knowledge that trees were being cut along the road and that the line, if broken, would sag into the highway; (d) in not taking any steps, after warning, to avoid injury by its high-tension line; (e) in continuing to transmit power over the lines under the conditions set forth; (f) in not notifying travelers of the extreme danger; (g) in not taking steps to avoid the injury; (h) in not inspecting and finding and removing the faulty pole.

The defendant filed a general demurrer to the petition. Exception is taken to the order sustaining the demurrer and dismissing the action. Under the ruling in *Postal Telegraph-Cable Co.* v. *Kelly*, 134 *Ga.* 218 (67 S. E. 803), it was not error to sustain the demurrer. See *Georgia Power Co.* v. *Wood*, 43 *Ga. App.* 542 (159 S. E. 729); *Higginbotham* v. *Rome Railway & Light Co.*, 23 *Ga. App.* 753 (99 S. E. 638); *Perry* v. *Central Railroad*, 66 *Ga.* 746; *Beckham* v. *Seaboard Air-Line Railway Co.*, 127 *Ga.* 550 (56 S. E. 638, 12 L. R. A. (N. S.) 476).

*Judgment affirmed. Sutton and MacIntyre, JJ., concur. Stephens, P. J., disqualified.*