33694.  IRWIN *v.* THE GEORGIA POWER & LIGHT COMPANY.

666

DECIDED OCTOBER 4, 1951.

*Langdale, Smith & Tillman, W. W. Rehberg,* for plaintiff.
*T. Guy Connell,* for defendant.

SUTTON, C. J. It appears from the plaintiff's petition that her son, Curtis Irwin, and two others were employed by J. O. Paine and were engaged in cutting pulpwood for him on the land of A. F. Winn at the time her said son met his death. Winn's land was located south of and adjacent to the right of way of the transmission line of the defendant power company. It was the duty of the other two employees of Paine to cut and fell the trees, and it was the duty of Curtis Irwin then to cut them into the right lengths for pulpwood. These two employees cut a pine tree and it fell and lodged in another pine. They proceeded to cut down the second pine in order to clear the first one, and the second tree, which was some 30 feet south of the transmission line of the defendant, fell in the direction of said line and across one of the high-tension wires, which pulled the wire down to within three or four feet of the ground. Curtis Irwin did not see the two trees when they fell, but he came to them shortly thereafter for the purpose of cutting them into pulpwood and came into contact with the highly charged wire and was electrocuted.

The plaintiff in error contends that the alleged negligence of the defendant as set out in the petition was the cause of the death of her son, and that the circumstances which resulted in his death were such as reasonably should have been foreseen or anticipated by the defendant when it constructed and later maintained its high-tension lines. The defendant's transmission line was built and maintained on its own right of way, and there were no trees on its right of way. It does not appear that J. O. Paine or his employees had any right to cut and fell trees from the land of Winn onto the right of way and across the transmission line of the power company; and when said employees felled the tree across the defendant's transmission line and pulled the wire down to within three or four feet of the ground so that it was contacted by Curtis Irwin, resulting in his death by electrocution, such was the act of an independent agency and was the

proximate cause of the death of the deceased, instead of the alleged negligence of the defendant. If the injury would not have resulted from the ordinary and natural consequences of the alleged negligence of the defendant, but was caused by the intervening act of a third party, the law will not look beyond such intervening act or agency directly causing the injury. *Beckham v. Seaboard Air-Line Ry.*, 127 *Ga.* 550, 553 (56 S. E. 638, 12 L.R.A. (N.S.) 476). It was held in *Postal Telegraph-Cable Co. v. Kelly*, 134 *Ga.* 218 (67 S. E. 803): "A telegraph company had its lines of poles and wires constructed along one side of a public road. On the opposite side several men were cutting down trees for a box company. Just as one of the trees was about to fall two of the men engaged in cutting went out into the road. As the tree, which was a tall pine, fell it struck another tree, glanced or turned from its course, and fell in or partly across the road. Either some of its limbs or part of the other tree struck the wires of the defendant on the opposite side of the highway, breaking some of them; and a pole, to which they were attached, fell into the road, striking one of the two men who were standing there, causing his death. The pole was rotten at the point where it entered the ground, and a sound pole nearer the point of impact did not fall. *Held*, that even if the telegraph company failed to use ordinary care in inspecting and maintaining its poles, nevertheless, under the facts stated, the injury was not the legal and natural result of its negligence so as to authorize a recovery against it for the homicide. This is so although the act of cutting down the tree may not in any sense have been negligent or wrongful. In this connection see *Perry v. Central R. Co.*, 66 *Ga.* 746; *Mayor and Council of Macon v. Dykes*, 103 *Ga.* 847 (31 S. E. 443); *Henderson v. Dade Coal Co.*, 100 *Ga.* 568 (28 S. E. 251, 40 L.R.A. 95); Dubuque Wood & Coal Association *v.* City and County of Dubuque, 30 Iowa, 176; City of Rockford *v.* Tripp, 83 Ill. 247 (25 Am. R. 381); Hendelun *v.* Burlington, Cedar Rapids & Northern Ry. Co., 72 Iowa, 709 (32 N. W. 4)."

Also, the following cases are applicable and controlling in the case at bar: *Higginbotham v. Rome Ry. & Light Co.*, 23 *Ga. App.* 753, 754-755 (99 S. E. 638); *Georgia Power Co. v. Wood*, 43 *Ga. App.* 542 (159 S. E. 729); *Rome Ry. & Light Co.* v. *Rob-*

inson, 35 *Ga. App.* 521 (134 S. E. 132) ; *Tidwell* v. *Georgia Power Co.*, 60 *Ga. App.* 38 (2 S. E. 2d, 713) ; *Stallings* v. *Georgia Power Co.*, 67 *Ga. App.* 435 (20 S. E. 2d, 776). Some of these cases are very similar on their facts to the present case, and the decisions in these cases and the many cases cited therein are to the effect that, when the injury complained of is not the direct and proximate result of the alleged negligence of the defendant, but when the act of a separate and independent agency is the direct and proximate cause of such injury, there can be no recovery against the defendant. We think that the petition in this case shows that the death of the plaintiff's son was caused by the act of a separate and independent agency, the cutting and felling of the tree across the defendant's transmission line by the employees of Paine, and that the alleged negligence on the part of the defendant was not the proximate cause of such injury.

The cases of *Rome Ry. & Light Co.* v. *Jones*, 33 *Ga. App.* 617 (127 S. E. 786), and *Clinton* v. *Gunn-Willis Lumber Co.*, 77 *Ga. App.* 643 (49 S. E. 2d, 143), cited and relied on by the plaintiff in error, are distinguishable on their facts from the present case and do not authorize or require a ruling in this case different from the one here made.

*Judgment affirmed. Felton and Worrill, JJ., concur.*