### 37917. GILBERT *v.* OCMULGEE ELECTRIC MEMBERSHIP CORPORATION.

DECIDED OCTOBER 21, 1959—REHEARING DENIED NOVEMBER 10, 1959.

640

Robert S. Horne, for plaintiff in error.

Lawson & Fortson, Harris, Russell, Weaver & Watkins, contra.

TOWNSEND, Judge. ■ The court charged that if, at the time of the death of Billy Ray Mullis, the defendant did not know that a pipe had been placed in the well and a pump installed which was operated by the defendant's line, the plaintiff would not be entitled to recover. Counsel for both sides agree that under the evidence in the case this was tantamount to directing a verdict for the defendant, since the undisputed evidence is to the effect that the defendant had no knowledge of the electric pump and pipe placed in the well. The decision when this case was here before based the plaintiff's right to recover on the allegation that the defendant had reason to anticipate that the persons reinstalling the pipe would be negligent in allowing it to come in contact with the electric wire, and, so far as this decision is pertinent here, it would bar recovery under the facts proved, since the duty to anticipate such negligence could not arise in the absence of facts showing first, that the defendant either knew or should have known of the pump installation, and, second, that it was aware that such pipes were commonly taken out to be cleaned without unscrewing the sections into short lengths. In McCullough v. Georgia Power Co., 81 Ga. App. 293 (58 S. E. 2d 505), the pipe being lifted from the well was 43½ feet long, and the high tension line was 27.76 feet from the ground and 38 feet from the well. That case held that the petition failed to set forth a cause of action because, instead of alleging general negligence of the defendant, the case was grounded on facts not themselves showing negligence but "deemed to be sufficient to carry the case to the jury on the theory that the particular kind of injury here involved should have been anticipated, including the contributory negligence of the person injured or those work-

ing with him" and that no such duty to anticipate was alleged. It was stated: "In this case the alleged duty to anticipate negligence is the sole foundation of the alleged negligence of the defendant."

Whenever one erects power lines across the land of another, it is liable, when injury ensues, for constructing the lines in such a manner that there is a probability that others will come in contact with them and be injured. *Welch* v. *City of Camilla*, 86 *Ga. App.* 609 (72 S. E. 2d 83); *Lamar Elec. Membership Corp.* v. *Carroll*, 89 *Ga. App.* 440 (79 S. E. 2d 832); *Planters Elec. Membership Corp.* v. *Burke*, 98 *Ga. App.* 380, 386 (105 S. E. 2d 787). In view of the amendment to this petition and all the evidence on the trial, including evidence that most families in the area had wells, and that the average depth of such wells was 40 feet or so, that wells with electric pumps had pipe which it was necessary to remove and clean from time to time, that the lowest wire on the pole in question was less than 18 feet from the top of the well housing and all of the wires ran directly over the well, it still remains a jury question here whether the maintenance of the uninsulated high voltage wires in that position constituted such a hazardous engineering practice as to charge the defendant with general negligence—not merely negligence in anticipating that others would be negligent in their manner of cleaning out the well. The defendant was charged with knowledge that a well existed immediately under the wires which might be electrified.

An employee of the defendant corporation in charge of locating the line in the first instance testified as follows: "Mr. Newman (the former owner) came out and I commented on the well at that time and told him that we would have to abandon route. So he said, 'Well, the line is kind of close to my house.' I assured him there was no danger of the line being close to his house, but with the well there that it possibly could interfere with the cleaning out of it later on in the event that he decided to put an electric pump in it." It had been assured by a former owner that that owner did not intend to electrify the mechanism for raising water therefrom, but equally it was charged with notice that the land had been sold to another, and the mere as-

surance of the former owner could not protect it indefinitely. Since a jury question was presented, it was error to charge that lack of knowledge on the part of the defendant that a pump had been installed which was operated by its line would bar recovery, and such charge, being tantamount to the direction of a verdict in favor of the defendant, was reversible error.

■ Special ground 2 assigns error on a charge to the effect that where wiring or other electrical appliances on private property are owned or controlled by the occupant, the power company is not responsible for the condition of such wiring or appliances. Special ground 3 assigns error on an instruction that there was no duty on the part of the defendant to inspect in order to determine the existence of a well. Under the facts of this case these instructions were not adjusted to the evidence, since the uncontroverted evidence showed that the plaintiff's son was killed not by the pump appliance but by electric wiring under the control of the defendant, and that the defendant in fact knew of the existence of a well when it erected its power lines, and knew that such wells were frequently converted to use of electric power. Accordingly, these instructions are not approved if, on a retrial of this case, the evidence is substantially the same as it is here.

■ The instruction excepted to in special ground 21 as follows: "The fact that electrical current or energy is a dangerous substance or element does not make one who deals in it liable for damages unless it has been guilty of negligence" is a correct statement of the law, and easily understood by a jury. The assignment of error in special ground 12, which is merely that the defendant has a right to engage in the distribution of electrical current so long as it conducts its business according to applicable law and regulations even though injury and death result to another thereby, is an attempt to state the same rule of law, but, since it omits to deal with negligence in connection therewith it is likely to be misleading, and is accordingly not approved.

■ The remaining special grounds of the amended motion show no reversible error. The general grounds are without merit.

The trial court erred in denying the motion for new trial for the reasons set forth in the first two divisions of this opinion.

*Judgment reversed. Gardner, P. J., and Carlisle, J., concur.*