55589, 55590. DOUBERLY v. OKEFENOKEE RURAL ELECTRIC MEMBERSHIP CORPORATION et al. (two cases).

SHULMAN, Judge.

Plaintiff-appellant, a logger, sustained serious electrical burns when a tree felled by him struck a power

line owned by Okefenokee Rural Electric Membership Corporation (hereinafter "Okefenokee REMC"). Suit was brought against Okefenokee REMC and Union Camp Corporation (hereinafter "Union Camp"), the owner of the land crossed by the power line. This appeal, Case no. 55589, follows summary judgments granted in favor of Union Camp and Okefenokee REMC. We affirm the judgments.

1. Appellant alleged that Okefenokee REMC was negligent in failing to adequately keep its right-of-way clear of vegetation and in failing to install an adequate circuit breaker or recloser.

The evidence submitted on summary judgment conclusively establishes that appellant's injuries were caused by "the cutting and felling of the tree across the defendant's transmission line by [plaintiff], and that the alleged negligence on the part of the defendant was not the proximate cause of such injury." *Irwin v. Ga. Power &c. Co.,* 84 Ga. App. 665, 671 (67 SE2d 151). "[T]he injury would not have resulted from the ordinary and natural consequences of the alleged negligence of the defendant . . ." *Irwin,* supra, p. 670.

The question here is one of legal causation. Even if the plaintiff exercised all reasonable care in cutting the tree, plaintiff cannot recover for injuries resulting from his own acts which were not the natural result of the allegedly negligent antecedent act of the defendant. *Rollestone v. Cassirer & Co.,* 3 Ga. App. 161 (3 (a)) (59 SE 442). To hold otherwise would be to place the perpetrator of the efficient cause of the injury in a better position than an innocent third party who under the same circumstance would have no legal claim against the power company. Accordingly, summary judgment was proper. *Irwin,* supra. See also *Ga. Power Co. v. Wood,* 43 Ga. App. 542 (159 SE 729); *Gillespie v. Andrews,* 27 Ga. App. 509 (108 SE 906).

2. Appellant sought recovery against Union Camp on the basis of the owner's alleged breach of a duty to warn appellant of the existence of the power line.

The unrefuted evidence on summary judgment conclusively shows that appellant's employer (apparently an independent contractor) was informed of the existence

and location of the power line by an official of the company retained by Union Camp for timber harvesting operations.

Appellant's employer admits actual knowledge of the existence of the power line. There can be no question as to the adequacy of the warning. " '[F]ull knowledge by the independent contractor of the dangers should and will be held to discharge the landowner's alternative duty to warn the employees.' " Brown v. American Cyanamid &c. Corp., 372 FSupp. 311, 316 (S. D. Ga. 1973) quoting Delhi-Taylor Oil Corp. v. Henry (Tex. S. Ct.), 416 SW2d 390, 394.

Although appellant denies that the warning was relayed by his employer to him, this issue is neither relevant nor material to the issue of appellee-Union Camp's duty to appellant. It is not a genuine issue of material fact that will preclude summary judgment. *Sandison v. Harry Norman Realtors,* 145 Ga. App. 736 (2).

3. In the companion case, Case no. 55590, appellant's wife brought suit against the appellees herein for loss of consortium. Her action can fare no better than her husband's.

"One spouse's right of action for the loss of the other's society or consortium is a derivative one, stemming from the right of the other. [Cit.]" *Hightower v. Landrum,* 109 Ga. App. 510, 514 (136 SE2d 425). Since appellees are not liable for injuries to appellant, they are not liable to appellant's wife for loss of consortium attributable to those injuries. Summary judgment was therefore proper.

*Judgments affirmed. Bell, C. J., and Birdsong, J., concur.*

ARGUED APRIL 10, 1978 — DECIDED JUNE 20, 1978 — REHEARING DENIED JULY 5, 1978 —

*Gibbs, Leaphart & Smith, J. Alvin Leaphart,* for appellants.

*Bennet, Gilbert, Gilbert, Whittle, Harrell & Gayner,*

*James B. Gilbert, Jr., Bouhan, Williams & Levy, Walter C. Hartridge, Leamon R. Holliday,* for appellees.