69689. MATHEWS et al. v. GEORGIA POWER COMPANY et al.
69690. FULTON et al. v. GEORGIA POWER COMPANY et al.
69691. RAMSEY v. GEORGIA POWER COMPANY et al.
(333 SE2d 631)

McMURRAY, Presiding Judge.

Plaintiffs Leroy Mathews, Walter L. Fulton and Willie G. Ramsey seek damages against defendants Georgia Power Company and Farrens Tree Surgeons, Inc. for personal injuries allegedly sustained as a proximate result of defendants' negligence. In derivative claims, plaintiffs Cleola Weston Mathews and Georgia Mae Fulton contend they are entitled to recover damages against defendants for loss of

consortium. These appeals follow the grant of defendants' summary judgment motions by the trial court.

Plaintiffs Leroy Mathews, Walter L. Fulton and Willie G. Ramsey were injured on September 7, 1981, while trimming a tree located in the front yard of plaintiff Walter L. Fulton. One of the limbs of the tree was growing near an uninsulated powerline. The record reflects a discrepancy concerning the precise location of the limb vis à vis the powerline. At any rate, whether it was above, or below the powerline, it is clear that the powerline was maintained at a safe height. It is also clear that the limb was within 15 feet of the line, horizontally.

Pursuant to Georgia Power Company policy, a 15-foot horizontal clearance was to be maintained between Georgia Power Company's transmission lines and adjacent trees. Via contract, it was the responsibility of defendant Farrens Tree Surgeons, Inc. to keep neighboring trees trimmed in order to maintain the 15-foot clearance on behalf of defendant Georgia Power Company. It is undisputed that the limb was within 15 feet of the line, horizontally, because defendants failed to so maintain the 15-foot clearance.

Plaintiffs knew that the limb was in close proximity to the powerline. It appeared to them, however, that the limb would fall clear of the line once it was cut. They also believed the powerlines were insulated.

In order to lower the limb to the ground slowly, plaintiffs attached a steel cable to the limb. The cable was looped around a higher limb in the tree to make a hoist. It appears that the cable was not attached to the middle of the limb which plaintiffs were going to cut. So, after the limb was severed from the tree, it fell and swung directly into the path of the powerline. The limb came into contact with the powerline and plaintiffs were severely injured thereby.

Based upon the foregoing facts, the trial court granted defendants' motions for summary judgment. In these appeals, plaintiffs contend a question of fact exists concerning the proximate cause of their injuries. *Held*:

1. Pretermitting the question of whether defendants breached a duty to plaintiffs by failing to maintain the 15-foot clearance, we hold that any breach of such a duty was not the proximate cause of plaintiffs' injuries as a matter of law. The injuries were caused by a separate and independent act, the cutting of the limb by the plaintiffs in close proximity to the powerline. The alleged negligence on the part of the defendants did not proximately cause the injuries which plaintiffs suffered. Moreover, the alleged negligence would not have caused, ordinarily or naturally, such injuries. *Postal Telegraph-Cable Co. v. Kelly*, 134 Ga. 218 (67 SE 803); *Douberly v. Okefenokee Rural Elec. Membership Corp.*, 146 Ga. App. 568 (246 SE2d 708); *Irwin v. Ga. Power &c. Co.*, 84 Ga. App. 665 (67 SE2d 151); *Tidwell v. Ga.*

*Power Co.*, 60 Ga. App. 38 (2 SE2d 713). Compare *Collins v. Altamaha Elec. Membership Corp.*, 151 Ga. App. 491 (260 SE2d 540), wherein the court recognized the difference between cases involving the felling of trees on powerlines, on the one hand, and ordinary farm operations, on the other hand.

2. Since a spouse's right of action for loss of consortium is derivative, and since defendants are not liable for the injuries suffered by plaintiffs Leroy Mathews and Walter L. Fulton, it follows that the loss of consortium claims of plaintiffs Cleola Weston Mathews and Georgia Mae Fulton must fail. *Douberly v. Okefenokee Rural Elec. Membership Corp.*, 146 Ga. App. 568, 570 (3), supra.

3. The trial court did not err in granting defendants' motions for summary judgment.

*Judgments affirmed. Banke, C. J., and Benham, J., concur.*

DECIDED JUNE 19, 1985 —
REHEARING DENIED JULY 12, 1985 — 

L. Lin Wood, Jr., John O. Moore, C. James Jessee, Jr., for appellants.

Rex M. Lamb III, Henry D. Fellows, Jr., Robert L. Pennington, Douglas D. Salyers, for appellees.