A90A1598. BEAMON v. GEORGIA POWER COMPANY.
A90A1599. REACH ALL, INC. v. BEAMON.
(404 SE2d 463)

COOPER, Judge.

Appellant sustained electrical burns while repositioning an electrical transformer on a utility pole owned by appellee Georgia Power Company ("Georgia Power") in an aerial lifting device or "bucket truck" manufactured by cross-appellant Reach All, Inc. ("Reach All"). Appellant brought an action against Georgia Power alleging negligence in failing to properly assemble and maintain its electrical power pole and power lines and against Reach All for strict liability, breach of implied warranty and negligence for defects in the bucket truck. Both defendants filed motions for summary judgment, and without making findings, the trial court granted summary judgment

to Georgia Power and denied Reach All's motion. Appellant directly appealed the grant of summary judgment to this court, and Reach All filed a cross-appeal of the denial of its motion pursuant to OCGA § 5-6-38.

Before the accident occurred, appellant, who had been working as a lineman on a bucket truck for three weeks and had no formal training, and his co-worker, an 18-year journeyman lineman, were attempting to secure the release of the transformer from the pole using collar ropes and hoist hooks. Appellant placed a rope collar around the top of the pole from which the transformer would be suspended and lowered into position. Immediately above the workers were three uninsulated phase wires and a neutral wire carrying 25,000 volts, and despite instructions that they were to wear rubber-insulated gloves while in the bucket and to apply rubber "hoses" to energized lines in their vicinity, neither worker was wearing gloves nor were hoses placed on the exposed lines. The lowest phase was approximately 54 inches above the transformer. Appellant admitted not wearing gloves, contending that it was not uncommon for workers to fail to do so as the gloves were hot and cumbersome when handling small objects and when one is not close to phase wires. The workers maintained that they were not within reach of the phase wires, and as a consequence, the wires were not covered at the time of the accident. Appellant was holding a hook in his left hand which was attached to the top of the transformer, and with the belief that the transformer had been disconnected from wires attached to it but realizing it was still attached to the pole, appellant held a second hook in his right hand which was to be attached to the collar rope. As appellant attempted to connect the hook to the collar rope, his right arm came in contact with a phase wire, and he received a full electrical shock. Appellant asserts that immediately preceding the accident, he was not within arm's reach of the phase wires and contends that the bucket must have lurched upward to put him in contact with the energized wires.

### Case No. A90A1598

In his sole enumeration of error, appellant contends the trial court erred in granting summary judgment to Georgia Power and charges that the company negligently bolted its transformer to the power pole such that the transformer contacted a ground wire in violation of Georgia Power's own specifications, resulting in serious bodily injury. Appellant maintains that the incident was reasonably foreseeable and that he did not assume the risk of such injury.

"A power company is charged with the duty of exercising ordinary care in the construction and maintenance of its wires, poles, transformers and equipment. Ordinary care is that reasonable care

and caution which an ordinary cautious and prudent person would exercise under the same or similar conditions. [Cit.]" *Collins v. Altamaha E.M.C.*, 151 Ga. App. 491 (1) (A) (260 SE2d 540) (1979). High voltage lines must be maintained "in such a manner and at such a location as not to injure persons who might be reasonably expected to come in contact with such lines." *Carden v. Ga. Power Co.*, 231 Ga. 456, 457 (202 SE2d 55) (1973). In support of its contention that Georgia Power was negligent, appellant submitted the affidavit of Clayton Beamon ("Beamon"), appellant's father and a construction foreman with self-professed familiarity with Georgia Power overhead power lines dating back 20 years, wherein he alleged that appellant was injured as the result of the improper mounting of the transformer to the utility pole over a metal ground wire in violation of certain "Georgia Power Distribution Specifications" which were attached to the affidavit. Georgia Power countered with an affidavit stating that Beamon did not set forth sufficient training or experience to enable him to interpret the specifications and draw the conclusions reached in his affidavit; that Beamon took the specifications out of context and arrived at erroneous conclusions; that, nevertheless, the bonding of the ground wire and the transformer did not violate specifications; and that had appellant been in compliance with safety rules, he would not have been injured. Generally, " '[n]egligence issues are not susceptible of summary adjudication except in plain, palpable and indisputable cases. (Cits.)' [Cit.] 'The evidence must be construed most favorably to the party opposing the motion for summary judgment; this party must be given the benefit of all favorable inferences and reasonable doubts which may arise from the evidence. (Cits.)' [Cit.]" *Padgett v. M & M Super Market*, 195 Ga. App. 799, 800 (395 SE2d 245) (1990). In the instant case, Georgia Power contends that the evidence demonstrates that it breached no duty to appellant; however, in view of the well-established rule stated above and the evidence proffered by appellant, we are constrained to conclude that on this issue there are factual questions to be resolved by a jury. Id. However, the inquiry does not end here; there is no liability " 'unless the negligence alleged is the proximate cause of the injury sustained.' [Cit.]" *Dilworth v. Boeckler*, 187 Ga. App. 241 (370 SE2d 17) (1988). Appellant's injury was not merely the result of the alleged improper mounting of the transformer but appellant alleged that his injury was also caused by a defect in the bucket truck which elevated him to the phase wire. Moreover, appellant admits not exercising care for his own safety by failing to wear safety gloves and to insulate the energized wires.

" ' "[T]he causal connection between an original act of negligence and injury to another is not broken by the 'intervening' act . . . if the nature of such intervening act was such that it could reasonably have been anticipated or foreseen by the original wrongdoer." ' " *Collins*,

supra at 492. In light of the evidence presented, it is unreasonable that Georgia Power would have anticipated that someone, in the ordinary and usual course of working on its transformer, either lawfully or negligently, would have been involuntarily lifted several feet above the transformer in an allegedly defective bucket truck. " ' " " 'A prior and remote cause can not be made the basis of an action if such remote cause did nothing more than furnish the condition, or give rise to the occasion by which the injury was made possible, if there intervened between such prior or remote cause and the injury a distinct, successive, unrelated, efficient cause of the injury. If no danger existed in the condition except because of the independent cause, such condition was not the proximate cause.' [Cit.]" ' [Cit.]" *Wanless v. Winner's Corp.*, 177 Ga. App. 783, 785 (3) (341 SE2d 250) (1986). We find, therefore, that the alleged improper mounting of the transformer was not the proximate cause of appellant's injury. "The conduct of [Georgia Power] could have done nothing more than give rise to the occasion which made [appellant's] injuries possible. Other circumstances preponderated in causing [appellant's] injuries." Id. Specifically, the evidence was undisputed that had appellant been wearing insulated gloves or had the wires been properly covered, his injury would not have occurred. This court has adhered to the rule that only where the evidence is plain and palpable will "negligence, contributory negligence or the exercise of ordinary care for one's own safety" be decided by the court as a matter of law, *Fort v. Boone*, 166 Ga. App. 290, 292 (304 SE2d 465) (1983), and such is the legal situation in this case. Accordingly, the trial court did not err in granting summary judgment to Georgia Power. See *Mathews v. Ga. Power Co.*, 175 Ga. App. 441 (333 SE2d 631) (1985); *Jones v. Central of Ga. R. Co.*, 192 Ga. App. 806 (386 SE2d 386) (1989).

### Case No. A90A1599

In its cross-appeal, Reach All enumerates as error the denial of its motion for summary judgment, charging that the admissible evidence demonstrates that the bucket truck did not malfunction. Relying on the testimony of Beamon's co-worker, Montfort, his own testimony and his own conclusions of the cause of the accident given the distance between the transformer and the wires, cross-appellee Beamon proposed that the bucket either rose on its own, indicating defectiveness, or the uncovered controls were inadvertently bumped causing the bucket to rise. A review of the testimony reveals that there had been no reports of mechanical problems or unexpected movement of the truck or the bucket prior to the accident; that Beamon and Montfort were the only two persons in the bucket; that Montfort had turned away from Beamon at the time to reach for his

safety gloves; that Beamon has no recollection of any of the events after attaching the hook to the collar rope; and that neither Beamon nor Montfort were in the vicinity of the controls or inadvertently activated them. Montfort stated that the bucket did not move and that he would have felt the movement had it occurred. Beamon does not recall the bucket moving and admits he does not know what caused the bucket to rise, nevertheless, he insists that it did move based upon the height of the wires relative to the transformer and the bucket.

"Mere conclusions are not sufficient to withstand specific facts. 'A party opposing a motion for summary judgment, where the moving party has presented evidence of the necessary certitude, must, in his opposing affidavits, set forth specific facts showing a genuine issue to be decided by a jury.' [Cits.]" *West Side Loan Office v. Electro-Protective Corp.*, 167 Ga. App. 520 (306 SE2d 686) (1983). Beamon submitted affidavits from experts who alleged that the bucket truck was designed in violation of national standards because the controls faced the bucket's interior and were susceptible to inadvertent activation because they were not covered; however, there was no evidence that the controls were touched. In our view, Beamon failed to set forth specific facts supporting his contention that the bucket truck malfunctioned or was defective, and giving Beamon the benefit of all inferences, there are no genuine issues of material fact. Where a "defendant, as movant for summary judgment, produces evidence conclusively establishing a fact or facts which negate one or more essential elements of plaintiff's action, . . . the movant is entitled to a summary judgment as a matter of law. [Cit.]" *Calhoun v. Eaves*, 114 Ga. App. 756, 759 (152 SE2d 805) (1966). This, Reach All has succeeded in doing, and the trial court erred in denying Reach All's motion for summary judgment.

Having concluded that the court erred in failing to grant summary judgment to Reach All, we need not consider Reach All's contention that the trial court erred in failing to conclude that Beamon's failure to exercise ordinary care for his own safety constituted assumption of the risk.

*Judgment affirmed in Case No. A90A1598. Judgment reversed in Case No. A90A1599. Banke, P. J., and Birdsong, P. J., concur.*

DECIDED MARCH 13, 1991 —<br>REHEARING DENIED MARCH 27, 1991 — 

*Kelly, Denney, Pease & Allison, Paul R. Bennett, Billy E. Moore*, for Beamon.

*Hatcher, Stubbs, Land, Hollis & Rothschild, Richard Y. Bradley, Clay D. Land*, for Georgia Power.

*Hurt, Richardson, Garner, Todd & Cadenhead, Frederick N. Gleaton, Judith I. Harris*, for Reach All.