A92A0763. BUCKNER v. COLQUITT ELECTRIC MEMBERSHIP CORPORATION.
(424 SE2d 299)

SOGNIER, Chief Judge.

Douglas Buckner brought suit against the Colquitt Electric Membership Corporation to recover damages for injuries from an electric shock he received when an aluminum pole he was using to harvest pecans on property owned by his father struck a high voltage transmission line owned by the EMC. The trial court granted summary judgment in favor of the EMC and Buckner appeals.

Appellant alleged in his complaint that appellee was negligent in failing to "trim or remove the tree in such manner as to keep the . . . ungrounded electrical conductors free from interference from the tree" and "maintain the line in such manner as to prevent unreasonable risk of injury to others." Appellant and his wife, who was present at the time of the incident, testified at deposition that appellant had climbed a pecan tree carrying a long aluminum pole he intended to use to knock down nuts, and that he slipped on a branch, causing the pole to hit the power line. Appellant testified that he had been knocking pecans out of trees all his life and considered himself experienced at it, and that he was familiar with his father's property, having lived there for several years.

Rickey Gaston, former Manager of Engineering and Operations for appellee, averred that the power line was 11 feet 7 inches from the

tree trunk and 7 feet 4 inches from the closest tree limb. Although in their briefs the parties refer to industry standards regarding minimum clearance requirements for power lines near trees, the record reveals that no evidence was adduced by either appellant or appellee regarding those standards and no conclusion could have been drawn regarding any breach by appellee of a duty to abide by them.

Appellee's motion for summary judgment pretermitted the question of whether appellee was negligent and assumed, arguendo, the truth of appellant's allegations in that regard. The motion was made on the ground that despite any such negligence appellee could not be held liable because appellant's injuries were not proximately caused by appellee's acts or omissions but by appellant's own negligent conduct in climbing a tree with a metal pole when the tree was in close proximity to power lines.

"The causal connection between an original act of negligence and injury to another is not broken by [an] intervening act if the nature of such intervening act was such that it could reasonably have been anticipated or foreseen by the original wrongdoer." (Citations and punctuation omitted.) *Beamon v. Ga. Power Co.*, 199 Ga. App. 309, 311 (404 SE2d 463) (1991). Appellant contends the trial court's grant of summary judgment to appellee on this ground was erroneous because, given that appellee was negligent in maintaining the power lines, a genuine issue of material fact exists whether appellee should have foreseen and taken action to guard against actions such as appellant's, even if those actions were themselves negligent.

One maintaining high tension lines must maintain them in such a manner and at such a location as not to injure persons who *might reasonably be expected* to come in contact with them. *Carden v. Ga. Power Co.*, 231 Ga. 456-457 (202 SE2d 55) (1973). The issue presented is thus whether appellant's activities leading to his injuries fell within the scope of those acts that might reasonably have been expected or foreseen by appellee. In numerous cases involving injuries caused by electric shock from power lines, this court has held that the foreseeability of the plaintiffs' acts leading to the injury was a jury question regarding which reasonable minds might differ. E.g., *Three Notch EMC v. Bush*, 190 Ga. App. 858, 859 (1) (380 SE2d 720) (1989) (two employees of commercial grain operation electrocuted while moving grain auger when auger struck power line); *Habersham EMC v. Dalton*, 170 Ga. App. 483 (317 SE2d 312) (1984) (farmer used hoe attached to conduit pipe to clean chicken feed bin, causing injury when tool struck overhead power line); *Collins v. Altamaha EMC*, 151 Ga. App. 491 (260 SE2d 540) (1979) (workers driving farm equipment injured when they negligently struck guy wire securing utility pole); *Gilbert v. Ocmulgee EMC*, 100 Ga. App. 638 (112 SE2d 207) (1959) (farmer injured when long pipe used to clean electric pump in well

struck power line). Given the holdings in these cases, and considering that no evidence was presented in the instant case regarding the frequency of pecan harvesting in that area, whether appellee had actual or constructive notice that such activity might take place, or whether pecan harvesters customarily used a metal pole, compare *Gilbert*, supra, we are constrained to agree with appellant that the trial court could not properly have concluded as a matter of law that appellant's actions could not have been anticipated by appellee. See *Malvarez v. Ga. Power Co.*, 166 Ga. App. 498, 499 (2) (304 SE2d 542) (1983).

In *Mathews v. Ga. Power Co.*, 175 Ga. App. 441 (333 SE2d 631) (1985) and *Douberly v. Okefenokee Rural EMC*, 146 Ga. App. 568 (246 SE2d 708) (1978), cited by appellee, we affirmed grants of summary judgment to power companies in actions brought against them by plaintiffs who had engaged in tree trimming or logging activities and were injured when tree limbs they were cutting fell across power lines. However, as noted by this court in *Mathews*, supra at 443 (1), those cases are factually distinguishable from cases involving "ordinary farm operations." The activity of the plaintiff in this case, although not an ongoing or routine farm operation identical to those in *Three Notch*, *Dalton*, *Collins*, and *Gilbert*, supra, was a common agricultural activity. Moreover, appellant was not cutting the trees or branches in question, an activity this court has recognized as likely to cause the injury in question. See *Mathews*, supra.

Accordingly, as a material question of fact remained whether appellee should have or could have foreseen the specific activity engaged in by appellant, appellee was not entitled to summary judgment. *Collins*, supra.

*Judgment reversed. McMurray, P. J., and Cooper, J., concur.*

DECIDED OCTOBER 14, 1992 —
RECONSIDERATION DENIED OCTOBER 30, 1992.

*Donaldson & Bell, George P. Donaldson III*, for appellant.
*Gray, Gilliland & Gold, T. Cullen Gilliland, John B. Austin*, for appellee.