A93A1414. LEONARDSON et al. v. GEORGIA POWER COMPANY.
(436 SE2d 690)

ANDREWS, Judge.

Leonardson, as administrator of the estate of Raymond Miller, and as surviving parent, brought this action against Georgia Power Company for the wrongful death of Miller, who was electrocuted as a result of coming into contact with a high voltage power line while he was attempting to remove a tree from a residential lot for a professional tree service. Leonardson appeals from the order of the trial court granting summary judgment in favor of Georgia Power.

The power line at issue was energized at 11,400 volts, and was installed by Georgia Power in 1988. The line was twenty-four feet, three inches above the ground, and seventeen inches from the trunk

of the tree Miller was attempting to remove. After Miller climbed the tree to begin removal, he came into contact with the line and was electrocuted. Leonardson claims Georgia Power negligently placed and maintained the line, without warning, dangerously close to the tree, which was dead or partially dead, making it foreseeable that someone climbing the tree to remove it would come into contact with the line. Leonardson also produced evidence by expert affidavit that Georgia Power's maintenance of the line 17 inches from the tree violated requirements of the National Electrical Safety Code. Georgia Power denied it was negligent in any way, but, for purposes of its summary judgment motion, took the position that, even if it was negligent as alleged, this was not the proximate cause of Miller's electrocution. In granting summary judgment to Georgia Power, the trial court concluded that Miller's own unforeseeable actions, rather than the alleged negligence of Georgia Power, were the proximate cause of his death by electrocution.

An employee of the tree service, present when the accident occurred, testified on deposition that Miller saw the power line, discussed whether there was enough room to remove the tree without contacting Georgia Power about the line, and that Miller subsequently proceeded with the job. The employee testified that they knew it was an uncovered power line, and that he was sure Miller knew the power line was there. Miller was an experienced tree climber having years of experience with various tree services. The same employee also testified that he had previously worked on tree removal jobs with Miller, where Georgia Power had been contacted to cut off or take down a power line. It is undisputed that Georgia Power was not contacted about the line prior to the accident. Other evidence showed that it was common for tree services to contact Georgia Power when power lines were located in close proximity to a tree to be removed so that Georgia Power could de-energize the line or provide other safeguards for workers prior to removal of the tree.[1] The owner of the tree service, who was also present at the scene of the accident, deposed that Miller had cut trees for him on this and numerous other occasions as an independent contractor. The owner testified that he could not recall any discussion with Miller about the power line or contacting Georgia Power, but he testified that Miller saw the line.

"A power company is charged with the duty of exercising ordi-

---

[1] Although no notice of the work adjacent to its power line was given to Georgia Power pursuant to the High-Voltage Safety Act (OCGA § 46-3-30 et seq.), "[o]ne whose injury is caused by negligent installation or maintenance of high-voltage lines, even where such injury occurs while engaged in acts enumerated in OCGA § 46-3-32 . . . within [ten] feet of the lines [OCGA § 46-3-33], is not barred [from recovery] by failure to give notice." *Malvarez v. Ga. Power Co.*, 250 Ga. 568, 569 (300 SE2d 145) (1983).

nary care in the construction and maintenance of its wires, poles, transformers and equipment. Ordinary care is that reasonable care and caution which an ordinary cautious and prudent person would exercise under the same or similar conditions. The scope of this duty is dependent on the attendant circumstances." (Citations omitted.) *Collins v. Altamaha Elec. Membership Corp.*, 151 Ga. App. 491, 492 (260 SE2d 540) (1979). "High voltage lines must be maintained in such a manner and at such a location as not to injure persons who might be reasonably expected to come in contact with such lines." (Citation and punctuation omitted.) *Beamon v. Ga. Power Co.*, 199 Ga. App. 309, 311 (404 SE2d 463) (1991).

To prevail on a negligence claim, it is necessary for the plaintiff to establish that the defendant had a legal duty to protect the plaintiff from a foreseeable risk of the alleged harm, that the defendant's act or omission breached this duty, and that there exists a causal connection between the defendant's conduct and the alleged injury sufficient to show that the conduct proximately caused the injury. *Black v. Ga. Southern &c. R. Co.*, 202 Ga. App. 805, 806 (415 SE2d 705) (1992). "A defendant who pierces the plaintiff's pleadings by showing that under any theory [of recovery] one essential element is lacking is entitled to summary judgment despite any remaining issues of fact with respect to other essential elements." Id. at 806.

The trial court correctly determined that, even if Georgia Power breached a duty with respect to placement of the power line, Miller's death was proximately caused by his own actions, rather than any breach by Georgia Power. "Contributory negligence, which acts as a bar to a plaintiff's right of recovery, is comprised of two distinct defenses: (1) at all times a plaintiff must use ordinary care for his own safety, and must not, by his own negligence, be the sole proximate cause of his own injuries, and (2) a plaintiff must use ordinary care to avoid the defendant's negligence when such negligence is apparent or should in the exercise of ordinary care be apparent to him. *Whatley v. Henry*, 65 Ga. App. 668, 674 (16 SE2d 214) (1941)." *Ridgeway v. Whisman*, 210 Ga. App. 169, 170 (435 SE2d 624) (1993). Under either statement of the contributory negligence defense, the plaintiff's negligent actions or failure to use ordinary care to avoid the defendant's negligence is regarded as the sole proximate cause of the injury even though such negligence may concur with the negligence of the defendant. *Wright v. The Concrete Co.*, 107 Ga. App. 190, 198 (129 SE2d 351) (1962). The related but separate defense of assumption of the risk is applied where a plaintiff assumes the risk of a danger he knows and appreciates. *Roberts v. King*, 102 Ga. App. 518, 522 (116 SE2d 885) (1960). "Assumption of risk is a matter of knowledge of the danger and intelligent acquiescence in it, while lack of ordinary care for one's own safety, or contributory negligence, is a matter of some fault

or departure from the standard of reasonable conduct. The two may coexist, or either may exist without the other. The difference is frequently one between risks which were in fact known to the plaintiff or so obvious that he must be taken to have known of them, and risks which he merely might have discovered by the exercise of ordinary care." (Citations and punctuation omitted.) *Wright,* supra at 194.

In the present case, it appears the record would support application of the defenses of contributory negligence or assumption of the risk, both of which were raised by Georgia Power. Although negligence issues, including application of the defenses of contributory negligence and assumption of the risk are normally jury questions, in clear and palpable cases, they may be resolved as a matter of law. See *Wade v. Mitchell,* 206 Ga. App. 265, 268-270 (424 SE2d 810) (1992). Even if there is a factual question as to whether Miller discussed the power line and the possibility of calling Georgia Power, the record clearly shows that the line was visible, and Miller saw it prior to climbing the tree. Miller was an experienced climber and cutter, who had previously worked on tree removal jobs where adjacent power lines were a concern. Under these facts, it is clear that when Miller attempted to remove the tree despite the closely adjacent power line, as a matter of law, he either failed to exercise ordinary care to avoid the danger, or knowingly and voluntarily undertook the risk of injury from an obvious and static dangerous condition.

Nevertheless, in cases dealing with injuries caused by high voltage power lines, we have considered these defenses in conjunction with the general rule that "[t]he causal connection between an original act of negligence and injury to another is not broken by [an] intervening act if the nature of such intervening act was such that it could reasonably have been anticipated or foreseen by the original wrongdoer." (Citation and punctuation omitted.) *Beamon,* supra at 311; *Buckner v. Colquitt Elec. Membership Corp.,* 206 Ga. App. 69, 70 (424 SE2d 299) (1992). "The [additional] issue presented is thus whether [Miller's] activities leading to his injuries fell within the scope of those acts that might reasonably have been expected or foreseen by [Georgia Power]." Id. at 70. This is simply another test used to determine proximate cause. The rule "stated and restated in various ways, is that negligence carries with it liability for consequences which, in the light of attendant circumstances, could reasonably have been anticipated by a prudent man, but not for casualties which, though possible, were wholly improbable. One is not charged with foreseeing that which could not be expected to happen. . . . Negligence, no matter in what it consists, can not create a right of action unless it is the proximate cause of the injury complained of." *Stallings v. Ga. Power Co.,* 67 Ga. App. 435, 439 (20 SE2d 776) (1942). In some cases we have focused on the foreseeability of injury resulting

from placement of power lines in close proximity to certain types of ongoing, routine operations, and determined that proximate cause in those cases is a jury question. See *Buckner*, supra at 70-71 (farming or other agricultural activity). We have distinguished other cases involving plaintiffs who were injured while cutting or trimming trees which fell across power lines, and concluded, as a matter of law, that the conduct of the plaintiffs in those cases, rather than any alleged negligence of the power company, was the sole proximate cause of the injury. *Mathews v. Ga. Power Co.*, 175 Ga. App. 441 (333 SE2d 631) (1985); *Douberly v. Okefenokee Rural Elec. Membership Corp.*, 146 Ga. App. 568 (246 SE2d 708) (1978); see *Beamon*, supra. This case is in the latter category. It was not foreseeable to Georgia Power that an experienced tree climber and cutter, working in a profession where it is common to encounter the danger of power lines on tree removal jobs, would proceed in this case to attempt removal of the tree, despite the close proximity of an obvious and visible power line. Stated otherwise, even if the negligence of Georgia Power co-existed with Miller's negligence, the conduct of Miller was such a preponderating cause of the injury, that it severed any sufficient legal causal connection between the negligence of Georgia Power and the injury, and became, in itself, the sole proximate cause of the injury. See *Ethridge v. Nicholson*, 80 Ga. App. 693, 696 (57 SE2d 231) (1950). The trial court properly granted summary judgment in favor of Georgia Power.

*Judgment affirmed. Pope, C. J., and Birdsong, P. J., concur.*

DECIDED SEPTEMBER 23, 1993 —
RECONSIDERATION DENIED OCTOBER 19, 1993

*Eichelberger & Perrotta, James A. Eichelberger, Theodore B. Eichelberger*, for appellants.

*Troutman Sanders, Scott A. Farrow, Robert L. Pennington*, for appellee.