McFADDEN, Judge,
concurring fully and specially.
In the course of his work as an electrician’s assistant, Appellant Miller sustained catastrophic injuries which left him severely disabled and unable to speak or communicate in any meaningful fashion. As a result, he has not been able to describe or explain his actions immediately before his electrocution, including what precisely he did after climbing the ladder. I concur fully with the majority’s conclusion *646 that, despite the absence of evidence on this point, summary judgment is not appropriate. I write separately in response to two arguments made by the dissent.
The dissent argues that the Appellees are entitled to summary judgment under principles set forth in Georgia cases applying principles of assumption of the risk and contributory negligence to circumstances involving exposure to an electrical current. But these cases do not compel judgment for the Appellees, because with the exception of one case, Beamon v. Ga. Power Co., 199 Ga. App. 309 (404 SE2d 463) (1991), they do not concern a plaintiff whose work specifically required him to place himself in proximity to an electrical current, as Miller’s work required. In Beamon, the plaintiff “admitted] not exercising care for his own safety” by failing to take required precautions. Id. at 311. The remaining electrical current cases involve plaintiffs in other lines of work, who did not have the type of job duties that — as the expert witness testified — imposed upon Miller a duty to climb the ladder and investigate. Consequently, none of those cases supports a conclusion that, as a matter of law, Miller assumed the risk or failed to exercise ordinary care by climbing the ladder.
The dissent also argues that testimony of the Appellants’ expert witness regarding whether Miller used a voltage meter when he climbed the ladder to investigate was too speculative to raise even an inference of fact on this point. I disagree. In his deposition, the expert witness stated that it was standard practice for an electrician to carry a voltage meter (sometimes called a tic tracer) as part of his equipment, and he testified that, in his opinion, Miller’s statement about the neutral wire indicated that Miller had tested the voltage with such a meter after climbing the ladder. The expert witness set forth the bases for his conclusions — his knowledge of standard industry practice and his interpretation of a specific comment made by Miller. “[A]ny deficiencies in the expert’s opinion go to the weight and credibility of his testimony.” Toyo Tire North America Mfg. v. Davis, 333 Ga. App. 211, 217 (2) (775 SE2d 796) (2015). See generally Layfield v. Dept. of Transp., 280 Ga. 848, 851 (1) (632 SE2d 135) (2006) (expert’s opinion that vehicle accident was caused by driver losing control when encountering accumulated water on road was not speculative or conjectural and, to extent expert lacked sufficient information from which to reach a probative opinion, the weight which should be assigned to the opinion was a jury question). It is for the jury, and not this court, to decide whether Miller used a voltage meter to investigate the unexpected power source.
I am authorized to state that Presiding Judge Miller joins in this concurrence.